No. 3167.—SATTERFIELD *v.* SPURLOCK, SPURLOCK *v.* SATTERFIELD, and SATTERFIELD *v.* SPURLOCK, (Consolidated)

The decision of this case involves only questions of fact as to the relative proportion of the claims which had for their consideration the sale of slaves and the sale of land and personal property. The principles on which the present decree is based were settled in the decision of the same case, reported in 21 An. page 771, viz: That obligations having for their consideration the sale of land and slaves could only be enforced to the extent of the ascertained value of the land at the time of the sale.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Miller*, J. *S. R. Thorpe*, for plaintiff and appellant. *E. North Cullem*, for defendant and appellee.

WYLY, J. These consolidated cases were before this court in December, 1869, and the decision is reported in 21 An. 771, to which reference is made for a statement of the facts and issues presented for adjudication

After disposing of various issues the cause was "remanded to ascertain the relative amount of the slave and other considerations in the remaining notes of Spurlock, filed in this cause by Satterfield, with instruction that no judgment can be rendered by the court of the first instance for the slave part of the consideration of said remaining notes."

At the trial on the remandment the district judge came to the conclusion, from the evidence, that the slave part of the notes declared on by Satterfield was sixty per cent. and the valid part, to wit: the part for land and movables, was forty per cent., and on this basis he determined the rights of Satterfield; he, however, compensated the claim of Satterfield by large sums or credits, which he ascertained to be due Spurlock, and finally gave judgment in favor of the latter against the former for $2170 85 and costs.

From this judgment Satterfield appealed.

There is a wide difference in the opinions of the witnesses of Satterfield and the witnesses of Spurlock as to the relative amount of the slave and other considerations of the notes.

After mature consideration we have come to the conclusion that the apportionment fixed by the district judge is not correct. We think fifty per cent. is a proper estimate of the slave consideration in the notes, and fix the apportionment at that rate.

Satterfield should, therefore, have judgment against Spurlock for half the amount of the notes sued on, after deducting $37,385, the amount of the credit arising from the giving in payment of the twelfth of April, 1865, which sum was by the parties imputed to the third note and the balance to the other notes next in order owned by Satterfield.

The third note, due the eighteenth of May, 1861, amounted to $21,726 72, principal and interest up to the twelfth of April, 1865, the time at which the credit arose from the act of giving in payment, and this note was discharged by the imputation of the parties out of said credit of $37,385, and the balance of said credit, to wit: $15,658 28, must be applied to the note next in order held by Satterfield, which is the fifth note, due the eighteenth of May, 1863, and amounting, principal and interest up to the twelfth of April, 1865, the day of the credit, to $19,077 12, from which, after deducting the said credit, there remains an unpaid balance of $3418 84, to be apportioned according to the estimate we have made of the slave and other considerations of said fifth note.

The sixth, seventh, eighth, ninth and tenth notes each amount to $16,560, of which we estimate the valid part to be one-half of each note, to wit: $8280. On our apportionment we think Satterfield should have judgment against Spurlock for $43,109 42, with eight per cent. per annum interest on the valid part of each note from its maturity, except on the balance due on the fifth note, on which the interest should be counted from the twelfth of April, 1865.

As to the other credits allowed Spurlock by the district judge we think they should not be allowed, and that the bills of exceptions taken by Satterfield to the introduction of proof to establish them,.

was well taken. The court permitted Spurlock to prove credits that he had not claimed in his pleadings, and which, if they exist, have arisen since the date of the judgment of the thirty-first of October, 1866, from which the devolutive appeal was taken. On the remandment the pleadings were not amended, and the only issue before the court was to ascertain the slave and other consideration of the notes sued on by Satterfield, and after making the apportionment to give him judgment for the valid part of said notes, after allowing the credit arising from the act of giving in payment of the twelfth of April, 1865. Whatever rights or credits Spurlock may have or be entitled to by virtue of the execution of the judgment of the thirty-first of October, 1866, by Satterfield, pending the devolutive appeal, he may assert in an action hereafter and his right to do so is reserved in this decree.

It is therefore ordered that Edward H. Satterfield have judgment against Thomas J. Spurlock for the sum of forty-three thousand one hundred and nine dollars and forty-two cents ($43,109 42), with eight per cent. per annum interest on $1709 42 thereof from the twelfth of April, 1865; with like interest on $8280 thereof from the eighteenth of May, 1864; on $8280 thereof from eighteenth of May, 1865; on $8280 thereof from the eighteenth of May, 1866; on $8280 thereof from the eighteenth of May, 1867; and like interest on $8280 thereof from the eighteenth of May, 1868.

It is further ordered that the mortgage given by Spurlock to Satterfield on the eighth day of October, 1857, to secure the said debt be recognized and rendered executory on all the property described in said act of mortgage, except the slaves; also, that the vendor's privilege thereon to be recognized and enforced.

It is further ordered that said Spurlock pay costs of both courts