O'NIELL, C. J., concurs in the decree, but not in the opinion that the action did not arise ex delicto, and not in the affirmance of King v. Burns Detective Agency, 151 La. 212, 91 So. 681.

(109 So. 492)

No. 27712.

### BRADSHAW v. WEBER et al.

(June 28, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⇐1008(1).**

Where, in suit to settle conflicting claims of road contractor and subcontractor, their sureties and creditors, and police jury, record was confused and litigants made inconsistent and contradicting demands, judgment would be af-

firmed, in view of trial court's better position to reconcile discrepancies.

**2. Indemnity ⇐13(1)—In suit to settle conflicting claims of road contractor and subcontractor, their sureties and creditors, contractor should be allowed same judgment against subcontractor and his surety as was rendered for creditors of subcontractor against contractor and his surety.**

In suit to settle conflicting claims of road contractor and subcontractor, their sureties and creditors, contractor should be allowed same judgment against subcontractor and his surety as was rendered for creditors of subcontractor against contractor and his surety, since they, though liable for subcontractor's debts, should not be required to pay these debts in addition to amount they were required to pay him.

Appeal from Eleventh Judicial District Court, Parish of Vernon; Hal A. Burgess, Judge.

Suit by W. B. Bradshaw against H. M. Weber, the Police Jury of Vernon Parish, and another, into which defendant Police Jury called W. H. Smith and another. From the judgment, W. H. Smith and another appeal. Amended and affirmed.

P. L. Ferguson, of Leesville, for appellants W. H. Smith, Jr., and United States Fidelity & Guaranty Co.

Hardin, Hardin & Cavanaugh, of Leesville, for appellee police jury of Vernon parish.

A. V. Coco and Philo Coco, both of Marksville, for appellees H. M. Weber and Ætna Casualty & Surety Co.

THOMPSON, J. The police jury of Vernon parish, on May 6, 1924, entered into two written contracts with W. H. Smith, Jr., for the construction of roads 2 and 3 of road district No. 2 of said parish. The contractor furnished a bond for each of said roads with the United States Fidelity & Guaranty Company as surety.

The contracts and bonds were duly recorded as provided by law.

Thereafter Smith entered into a subcontract with H. M. Weber to do the principal

part of the construction of said roads, and the said Weber furnished a bond with the Ætna Casualty & Surety Company as surety. The subcontract and the surety bond were likewise properly recorded.

The roads were constructed in accordance with the contract to the satisfaction of the engineer in charge, and were accepted by the police jury as the governing authority.

A dispute arose between the police jury and the contractor Smith as to the amount due the contractor when the work was finally completed, and no final settlement was made by the police jury. In consequence of this controversy, Smith defaulted in payment on his contract with Weber, and the latter defaulted in the payment of his creditors.

The plaintiff as one of the creditors of the subcontractor Weber brought this suit against Weber, the Ætna Casualty Surety Company. and the police jury for $3,218.94, being for feed stuff, gasoline for motor trucks, and money advanced for pay rolls.

The police jury answered and called the contractor Smith and his surety, United States Fidelity & Guaranty Company, into the suit, and prayed for such judgment against them as may be rendered in favor of the plaintiff against said jury.

The surety company answered, denying any liability, and alleged that, if it be true that the police jury and W. H. Smith were notified of the default of the said Weber on his contract and paid out the money then being held and which should have been held to meet such obligations after having been requested to retain the same, then and in that case the surety was discharged.

H. M. Weber appeared and alleged that W. H. Smith was indebted to him in the sum of $3,778.15 as balance due for work on the construction of said roads.

He further alleged that, by reason of the failure of Smith to pay him, he had defaulted on his contract in the payment of certain laborers and furnishers of materials whose claims had been duly recorded.

He accordingly prayed that said claimants, together with the police jury, Smith, the original contractor, and the surety on his bond, be cited as in concursus to show cause why the respective rights and claims of all the parties should not be classified and determined.

The several claimants appeared and filed answers asserting their respective claims against Weber and the surety on his bond.

On a trial, judgment was rendered in favor of W. H. Smith and against the police jury for $8,970.01, in favor of Weber and against Smith and the United Fidelity & Guaranty Company in solido for $4,751.78, and against Smith and the surety on his bond, and against Weber and the surety on his bond in favor of the plaintiff and the several claimants for the amounts as set forth in the judgment.

W. H. Smith and the United States Fidelity & Guaranty Company have appealed.

Weber and the Ætna Casualty & Surety Company have answered the appeal and asked that the judgment in their favor against Smith and the United States Fidelity & Guaranty Company be increased to $6,108.-58.

The police jury seems to be satisfied with the judgment rendered against it in favor of Smith, since the attorneys for the police jury in their brief have asked that the judgment be affirmed.

The only contest in this court is (1) on behalf of Smith, who claims that his judgment against the police jury should be increased to the sum of $11,029.01, based on an estimate made by Higginbotham, and that he should have judgment against Weber and his surety for whatever amount that may be rendered against Smith and his surety on account of any indebtedness of said Weber incurred in the performance of his contract with Smith; (2) by Weber, subcontractor, who claims that

his judgment against Smith should be increased to the sum of $6,108.

In brief of counsel for Smith and his surety, it is conceded that, if Higginbotham's estimate is accepted, then Weber should have judgment against Smith and his surety for $5,108.48.

It appears that the police jury employed W. S. Bonner as engineer to supervise the construction of the roads, with S. B. Higginbotham as assistant. Before the completion of the roads, the jury became dissatisfied with Bonner and discharged him, and the work of supervision was continued by Higginbotham.

After the dispute arose between the police jury and Smith as to the balance due Smith, the jury employed Floyd Hamilton, another engineer, to check up the work, and Smith employed Higginbotham to make an estimate of the work on his behalf.

The estimates were made by the two engineers, and, while they agreed on quite a number of the items of work, they disagreed on many of the larger items. This disagreement brought on the present litigation.

The district judge seems to have adopted in the main the estimate made by Hamilton, though he did accept some of the items on the estimate made by Higginbotham.

We take the liberty of here inserting a part of the written opinion of the trial judge:

"The following items are the ones that Smith and the police jury disagree on: On road No. 3, items 3, 19, 20, 21, 27, and 28. On road No. 2, items 3, 19, 20, 21, 25, 26, 27, and 28."

"Relying upon that estimate of Hamilton and the items agreed to, the police jury admits that it now owes Smith the sum of $5,964.24. The items that are contested have the same number by both parties in their estimates, except item 28, shown on estimate made by Higginbotham which is not shown by Hamilton."

"Item 1 on road No. 2, there is a difference in the two estimates; however same is admitted by the police jury in favor of Smith, and same will not be further considered."

"Item 3 of road 3, district No. 2, Hamilton's estimate on borrow is 19,062.1 yards of dirt at 30 cents per yard, amounting to $5,718.63."

"Higginbotham's estimate on same is 21,-430.6 yards, amounting to $6,429.18; the difference between the two estimates being $711.17.

"On item 3 of road 2, Hamilton's estimate is 52,409 yards for borrow at 30 cents per yard, amounting to $15,722.70."

"Higginbotham's estimate on same is 58,951 yards at 30 cents, amounting to $17,685.30; the difference being the amount of $1,960.70."

"The contract contains a stipulation for the building of shoulders."

"Hamilton stated on page 12 of the evidence that he made no calculation for shoulders, while Higginbotham accounts for his greater amount of borrow on the two roads being for shoulders."

"The evidence proves that the shoulders were constructed and the road accepted, and Smith should be given credit for this difference of $2,673.77."

"Items 19, 20, and 21 in both estimates on the two roads there is quite a difference."

"It is contended by Smith that the specifications were changed and by the engineer in charge, and that he should be paid for material according to several invoices filed in evidence."

"Several witnesses stated that said material was used in the bridges except a small amount. They claimed that the piles were driven about 15 feet. Hamilton estimates that the piles were driven about 10 feet. None of the witnesses were able to give convincing testimony that the average penetration of the piles was 15 feet."

"This being the case, it seems that the estimate on behalf of the police jury should be accepted on the point of the penetration of 10 feet."

"Hamilton's evidence on measurements and calculations of the material and timbers is accepted, as the contract provided that all material and lumber would be paid for that were found in place."

"Item 27. It was proven that Higginbotham's estimate on this item should be accepted, and that the difference in Smith's favor is $57."

"Smith failed to establish his claim for payment under items 28 in the two estimates filed and is not entitled to same."

"Without the amount admitted due by the police jury and on the items above mentioned, there is now due and unpaid by the police jury to Smith the sum of $8,970.01."

"Under the admission of Smith and the testimony as to the work performed by Weber he is entitled to recover judgment against Smith and his surety the sum of $6,108.58 (this amount on a new trial was reduced to $4,-751.78), as there was no effort made to change

the amount due Weber in case the full amount was not allowed Smith according to his claim."

"The surety is bound with its principal for the payment of all claims arising under the contract with the police jury."

[1] We have considered the two estimates in the light of the evidence in explanation thereof, as well as the pleadings in the case, and are unable to say that the finding of the trial judge is erroneous.

Indeed, in the confused condition of the record and the inconsistent and contradicting demands of the principal litigants, we are unable to render a different judgment which would be entirely satisfactory to us.

The litigants themselves seem to have had considerable and grave doubt as to their respective claims.

As an illustration, we might mention the fact that Smith claimed originally that the police jury owed him $9,949.96 on contract for road district No. 2 and $4,098.57 on road district No. 3, whereas in this court he only claims $11,029.01.

The police jury originally claimed that Smith was indebted to it in the sum of $18,000, erroneously paid Smith on the contracts, whereas said jury now concedes the correctness of the judgment against it in favor of Smith for $8,970.01.

In his original petition, Weber claimed that Smith owed him $3,778.15, whereas the court allowed him $4,751.78, which he is now asking to be increased to the sum of $6,108.58, exceeding by $2,330.43 the sum originally demanded.

In view of this situation, we are constrained to agree with the conclusion reached by the trial judge. He was in a much better position to solve the disputation between the two engineers and to reconcile the discrepancies in their estimates than we are.

[2] We think, however, that the judgment should be amended so as to allow Smith the same judgment against Weber and his surety as was rendered in favor of the several creditors of Weber against Smith and his surety.

While Smith and his surety are bound for such debts as were incurred by the subcontractor, still Smith and his surety should not be condemned to pay these debts in addition to the amount they are required to pay Weber.

The judgment is therefore amended in this respect, and it is now ordered that W. H. Smith have judgment against H. M. Weber and his surety, the Ætna Casualty & Surety Company, for the amounts for which the several creditors of said Weber have obtained judgment against Smith and his surety as stated in the judgment of the court below.

As thus amended, the judgment is affirmed; the said Weber to pay the cost of this appeal.