DENDINGER, Incorporated, v. ROYAL INDEMNITY CO., Appellant

———

(December 13, 1926. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Prescription—Par. 173, 175.**

A verbal promise to pay, repeated from month to month, is sufficient acknowledgment to interrupt prescription.

Appeal from First City Court of New Orleans, Sec. "C". Hon. Wm. V. Seeber, Judge.

Action by Dendinger, Incorporated, against the Royal Indemnity Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. D. Dressner, of New Orleans, attorney for plaintiff, appellee.

St. Clair Adams, L. Moses, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, doing business as the Madison Lumber Company, sues defendant for $300.00 on an open account.

Defendant filed a plea of prescription of three years, which was referred to the merits. On the merits the case was decided against defendant and it has appealed.

The suit is prescribed, on the face of the petition, because it was not brought until March 31, 1926, and the lumber, the price of which is sued for herein, was, it

is alleged, sold and delivered October 11, 1922, more than three years before the suit was filed. But plaintiff pleads an interruption of prescription by a verbal promise to pay under the authority of Block vs. Papania, 121 La. 683, 46 South. 694.

The sole question, one of fact, which we are to determine, is whether an oral promise was, in fact, made by agent of defendant. We are admonished by counsel that in order to interrupt prescription, the promise to pay the debt must be definite and certain, not vague and evasive.

"An acknowledgment to interrupt prescription must be direct, specific and absolute." Union National Bank vs. Evans, 43 La. Ann. 372, 9 South. 44.

"Evidence that a debtor, when presented with a long standing account of large debits and credits, acknowledged generally the indebtedness, but declined to acknowledge the account, and said he would have to look over his own papers, is not sufficient to interrupt prescription, since it left the debt claimed unacknowledged and open to free controversy."

'For the first purpose the evidence is manifestly insufficient, since it appears from plaintiff's own testimony that defendant never acknowledged the correctness of the account, but said he would have to look over his own papers." Schultz vs. Houghton, 36 La. Ann. 407 (Syllabus).

"The only question presented in this appeal is the interruption of prescription.

"The whole of the evidence on this point is in the testimony of one of plaintiff's clerks, in the following words:

" 'In about 1863, in the spring, Mr. Levy was passing by the store, and Mr. Marqueze stopped him, and asked him about payment of the bill, and Mr. Levy stated that he would attend to it. That was all I heard.'

"This is not an acknowledgment of the creditor's right, which, under Article 3486, C. C., interrupts prescription.

"The statement that he would see about a bill does not prove that plaintiffs had

the right to demand payment of the bill, in suit, from appellant, who made such a statement, or that the bill was correct, and the appellant bound to pay it. At most, it merely implies that he will inquire into its correctness, and his liability to pay." Marqueze & Co. vs. Bloom, Kahn & Co., 23 La. Ann. 328.

"As the alleged interruption practically affects the rights and obligations of the parties to a contract, it is reasonable to require, then, the proof of an assent to such a change on the part of the debtor, should be clear and unequivocal." Lackey vs. Macmurdo, 9 La. Ann. 15.

It is contended that the alleged promise to pay the debt, in the case at bar, falls within the rule exemplified by the cited cases in that it was at best indefinite and evasive.

The facts in this case are unusual. Defendant, a surety company, was surety for J. M. and J. D. Collins, who had undertaken the construction of several buildings, and who defaulted on their contracts. Defendant undertook to complete the contracts and thereby assumed the obligations of the contractors. See Klein vs. Collins, 159 La. 704, 106 South. 120. After taking over the building contracts defendants bought the lumber, for the payment of which this suit is brought, from plaintiff, a lumber dealer, for use in the completion of one of the buildings.

On November 14, 1922, plaintiff asked defendant's manager verbally for its money and defendant wrote the following letter:

"New Orleans, La., November 14, 1922.
"Madison Lumber Company,
    "Julia and Derbigny Streets,
        "City.
"Gentlemen:
        "Attention Mr. J. J. Sheffield,
"In re Contracts of J. D. and J. M. Collins,
                Contractors.
"Relative to your conversation over the phone with me this day, beg to advise tha we, the Royal Indemnity Company, as

surety, are endeavoring in every way possible, to complete the contracts entered into by the above styled firm, and as soon as these contracts have been completed and accepted and payments received from the owners, we expect to disburse these monies to cover material and labor bills.

"At the present time it is impossible for us to determine whether there will be any shortage as the contracts have not yet been completed, but as soon as same have been completed, and bills are all in on these jobs, we will be in a position to know whether any shortage will exist; in that event the Royal Indemnity Company, as surety under the contracts, are liable for any unpaid balance due.

"We are hopeful of completing all of the contracts within the next week or ten days and securing the acceptance of same so that we may know where we stand.

"We appreciate your leniency in this matter and assure you that we will give our sincerest attention to the winding up of this account as soon as possible."

"Yours very truly,

(Signed)    "F. T. MIKELL, Manager."

Mr. Sheffield, an employee of plaintiff, testified that he called upon defendant's manager at least once a month covering the time between the receipt of the letter and one month prior to filing the suit, when matters were in charge of plaintiff's counsel, in an effort to collect the account, and that Mr. Mikell always acknowledged the account.

By the court:

"Q. Did Mr. Mikell tell you whether or not they would pay it?

"A. Yes, he always said the account would be paid, but they were waiting for the completion of the job to find out what the financial condition was.

"Q. Did Mr. Mikell at any time deny the obligation?

"A. No, to the contrary he admitted it."

Mr. Mikell did not testify and we have only the evidence of plaintiff's witness, which we have no reason to disbelieve. It seems to us sufficiently definite to effect the purpose for which it was introduced. The letter written by defendant was calculated to disarm plaintiff by creating an impession of confidence in the collection, if it did not actually guarantee the account. The subsequent conduct of defendant was more definite and amounted to an assurance of payment though somewhat deferred. The authorities cited by counsel are without application.

For the reasons assigned the judgment appealed from is affirmed.