(115 So. 376)

No: 28442.

### SILVER v. HARRISS et al.

Oct. 31, 1927. Rehearing Denied Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

1. Highways ⊚⟞113(5)—Highway contractor's bond protects subcontractor; "work" (Act No. 224 of 1918, §§ 1–4).

Bond exacted of highway contractor by Act No. 224 of 1918, §§ 1–4, is both for and to subcontractor, though obligation is for payment of moneys due by subcontractors, as well as contractor, for work done, labor performed, or materials furnished; "work" including more than mere physical exertion within protection of word "labor."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Work.]

2. Highways ⊚⟞113(5)—Demand for amount advanced for highway contractor's pay rolls to one filing claim for same amount held properly nonsuited.

One advancing money for defaulting highway contractor's pay rolls to one putting in claim for same amount, acknowledged by contractor as correct, being unable to show clearly that he was owner of claim, was properly nonsuited.

3. Appeal and error ⊚⟞1119—Demand for attorney's fees by claimants not appealing from judgment rejecting it cannot be allowed.

Demand on defaulting highway contractor and his surety for attorney's fees by claimants not appealing from judgment rejecting it cannot be allowed.

4. Highways ⊚⟞113(5)—Foremen's claims held within statute as to highway contractor's bond (Act No. 224 of 1918).

Claims of persons employed by highway contractor to act as foremen on work *held* covered by provisions of Act No. 224 of 1918 as to contractor's bond, and hence adjudicable in concurso by subcontractor after contractor's default.

5. Highways ⊚⟞113(5)—Highway contractor's foremen's claims for salary and team rental held properly nonsuited for failure to establish with certainty amount of work done on each of two separate projects and items to which payments were credited.

Claims of defaulting highway contractor's foremen for salary and rental of teams furnished *held* properly nonsuited for failure to establish with certainty amount of labor performed or work done on each of two separate projects and what items various amounts received by one of such claimants were credited.

6. Highways ⊚⟞113(5)—Claim against highway contractor's surety for salary as foreman held allowable under statute, contract, and bond (Act No. 224 of 1918).

Claim against defaulting highway contractor and his surety for salary as foreman *held* allowable under Act No. 224 of 1918, extending its protection to all persons doing "any work,"

and contract and bond executed in accordance therewith.

7. Highways ⬅113(5)—Claim against highway contractor's surety for foreman's traveling expenses held not allowable (Act No. 224 of 1918).

Claim against defaulting highway contractor and surety for foreman's traveling expenses, not being covered by Act No. 224 of 1918 or bond executed thereunder, cannot be allowed.

8. Highways ⬅113(5)—Grocery company cannot recover on highway contractor's bond for groceries, etc., furnished contractor for personal use or sale to workmen and others dealing with his commissary.

Grocery company held not entitled to recover on highway contractor's bond for furnishing groceries and other merchandise to contractor, either for his personal use or for sale to his workmen and other persons dealing with store or commissary operated by him.

9. Highways ⬅113(5)—Claim for animal feed and groceries furnished highway contractor held properly nonsuited for failure to show on which of two projects used.

In absence of attempt to show on which of two highway projects feed for teams and groceries and other merchandise furnished to defaulting contractor were used, claim therefor was properly nonsuited.

10. Highways ⬅113(5)—Surety completing highway as agent, or for account, of defaulting contractor, held not liable beyond penalty of bond for labor and material furnished before default.

Surety company taking over highway construction contract on contractor's default to complete highway as agent, or for account, of contractor, and paying for all labor employed and material furnished, held not liable beyond penalty stipulated in bond for labor and material furnished before default.

Appeal from Fifth Judicial District Court, Parish of Franklin; John R. McIntosch, Judge.

Concursus by H. M. Silver against W. H. Harriss, the United States Fidelity & Guaranty Company, C. E. Tillman, and others. From a judgment for plaintiff and certain other claimants against defendants Harriss and the Fidelity & Guaranty Company and

judgments nonsuiting certain other claimants and reducing the claim of defendant Tillman, the Fidelity & Guaranty Company, the nonsuited claimants, and defendant Tillman appeal. Amended in part, and affirmed in part.

See, also, post, p. 94, 115 So. 380.

Theus, Grisham & Davis, for appellant U. S. Fidelity & Guaranty Co.

Thigpen, Herold, Lee & Cousin, for appellee.

T. V. Berry, for defendants, claimants.

ROGERS, J. The police jury of the parish of Franklin and the state highway commission entered into a contract with one W. H. Harriss to construct in said parish a portion of the Winnsboro-Rayville highway. The United States Fidelity & Guaranty Company became surety on the contractor's bond, and both contract and bond were duly recorded. The contractor sublet to one H. M. Silver a portion of the work which he had undertaken to do.

Subsequently, the contractor defaulted; all parties interested being legally notified of the default. Thereafter the surety company completed the road at its own expense.

The subcontractor and a number of laborers and materialmen timely recorded their claims, duly verified, against the contractor, and, at the same time, filed copies of their respective claims with the contractor, surety company, the parish authorities, and the highway commission.

These claims remaining unpaid, the subcontractor instituted this suit for a concursus, in which all the interested parties were cited to the end that their respective rights might be judicially determined. The parties impleaded joined issue; and the highway commission deposited in the registry of the court an amount in its possession remaining due under the contract.

The court below rendered judgment in

favor of the plaintiff, Silver, and certain other claimants, with the right to participate pro rata in the fund deposited in the court, and against the contractor and the surety company in solido, but limiting the liability of the surety company to the amount of the bond. The other claimants were nonsuited.

. From this judgment, the surety company, the claimants who were nonsuited, and one claimant whose demand was reduced have appealed. Plaintiff has answered the appeal, asking that the judgment be amended by striking therefrom the limitation of liability on the part of the surety company.

[1] The first complaint of the surety company is that the court below erred in holding that the claim of the plaintiff is protected by the contractor's bond.

The contract was executed, and this suit was brought, under the provisions of Act 224 of 1918; and it is the contention of the surety company that the bond exacted by the statute does not cover a subcontractor, except to the extent of the labor employed by, and the material furnished to, him in the performance of the public work.

The title of the act declares, among other things, that the authority having the work done shall—

"* * * exact a bond * * * for * * * the payment of all persons doing work, performing labor or furnishing material therefor; providing for the manner in which" the said authority "shall proceed where there is money in its hands and a sworn account filed by any subcontractor," etc.

Section 1 of the statute deals with the form of contract, provides for the furnishing of bond by the contractor, and for the recordation of the contract and bond. It reads, in part, as follows:

"* * * To require of the contractor a bond, * * * for the faithful performance of the contract * * * and with an additional obligation for the payment by the contractor and by all subcontractors for all work done, labor performed, or material furnished. * * *"

Section 2 of the act sets forth the manner in which the rights of interested parties may be preserved against the funds in possession of the authority having the work done. It provides, in part, as follows:

"That any person, firm or corporation, association of persons or partnership to whom any money shall be due on account of having done any work, performed any labor on, or furnished any material in the construction, * * * may file with the said authority having the said work done, and record in the office of the recorder of mortgages for the parish in which said work is being done, any time after the maturity of his claim, a sworn statement of the amount due him. * * *"

Section 3 sets forth the manner and time within which claims must be filed. It declares that this time—

"* * * shall not begin to run until the said authorities shall record in the mortgage office of the parish in which the work was done an acceptance of the work, or notice of the default of the contractor or subcontractor, as the case may be. * * *"

Section 4 specifies the court having jurisdiction and the method of procedure. It provides for the filing in the proper court of a petition by the authorities, "citing such claimants and the contractor, subcontractor and surety on the bond. * * *"

The foregoing are the pertinent provisions of the statute. Plaintiff argues that, in pursuance of them, the bond exacted of the contractor is both for and to the subcontractor— to him, in so far as there may be any moneys due him; and for him, in so far as there may be any moneys due by him. The argument appears to be sound.

The object of the statute, as indicated by its title, is to protect persons doing work, performing labor, or furnishing material for the construction, erection, alteration, or repair of public works, by requiring the authority having the work done to exact bond for the payment of *all* such persons, by setting forth the manner in which the authority hav-

ing money in its possession shall proceed when a "sworn account" is "filed by any *subcontractor*, or person, firm, or corporation *doing work*, performing labor or *furnishing material therefor*" (writer's italics), and by providing that the rights of the respective claimants shall be settled *in concurso* before the proper court.

It is true the statute declares that the obligation of the bond shall be for the payment of all moneys due by subcontractors, as well as by the contractor, for work done, labor performed, or materials furnished. But nowhere does it indicate that a subcontractor to whom money may be due by the contractor is not entitled to the benefit of its provisions. On the contrary, the broad language of the act evidences, unmistakably, that it was the intention of the lawmaker to protect all the creditors, including subcontractors, of the contractor for doing any work, performing any labor, or furnishing any materials in the execution of the public work undertaken by him.

The court said, in State v. Rose, 125 La. 463, 51 So. 497, 26 L. R. A. (N. S.) 821, that:

"The word 'work' has a much more comprehensive meaning than the term 'labor,' and has been defined to mean to exert one's self for a purpose, to put forth effort for the attainment of an object, to be engaged in the performance of a task, duty, or the like; and, as thus defined, covers all forms of physical or mental exertions, or both combined, for the attainment of some object other than recreation or amusement."

So that when the statute accords its benefits to *all persons*, natural or artificial, who may have done any "work" or performed any "labor," it is clear that it recognizes the distinction between the terms, and that the use of the former is intended to cover a broader field of activity than the use of the latter; the word "work" including within its scope something more than mere physical exertion which falls under the protection of the word "labor" as used in the act.

This, apparently, was the construction placed upon the statute by the parties litigant in Bradshaw v. Weber, 161 La. 789, 109 So. 492, where the subcontractor obtained a judgment against the contractor and his surety for the amount due him by the contractor, less the amount of the recorded claims of the laborers and materialmen to whom the subcontractor was indebted.

[2] The next complaint of the surety company is that the proof adduced is insufficient to sustain the award by the court below in favor of the following claimants, viz.: C. R. Adams, J. T. Heald, Whit Jones, P. N. Fontenberry, D. O. Mercer, W. E. Ferguson, S. E. Matlock, C. E. Tillman, J. N. Butler, and Joseph Givens. All of these parties, with the exception of W. E. Ferguson and C. E. Tillman were allowed their claims in full. Ferguson was awarded judgment for $129 on a claim for $249.10. He has not appealed nor answered the appeal. Tillman presented two claims for $557.80 and $680, respectively. On the first-mentioned claim he was given a judgment for $302.90, and was nonsuited on his other claim. He is before this court as an appellant, asking for an increase of the judgment in his favor.

We do not find, after a careful examination of the record, that the court erred in its judgment with respect to the foregoing claims. The item of $680 demanded by Tillman, as shown by the testimony, was for an amount advanced him by one F. R. Wilson for the pay rolls of W. H. Harriss, the contractor. Wilson himself put in a claim for the identical amount, which has been acknowledged by the contractor as being correct. Since Tillman was unable to show clearly that he was the owner of the claim, the action of the court below in nonsuiting his demand therefor was correct.

[3] The demand of the claimants for attorney's fees cannot be allowed. It was rejected by the court below, and the judgment

was not appealed from by any of the claimants, with the exception of C. E. Tillman. As to him, the demand must also be rejected, because there is no proof in the record that he has brought himself within the provisions of the statute entitling him to such relief.

[4] The final complaint of the surety company is that the court below should have rejected, instead of merely nonsuiting, the demands of the following parties, viz.: H. A. Hill, T. L. Gillis, W. T. Bell, Winnsboro Wholesale Grocery Company, Standard Oil Company, and F. R. Wilson. These claimants themselves have appealed, asking that they be allowed their demands in full.

The appellants Hill and Gillis were employed by the contractor to act as foremen on the work. The court below held that, as such, their claims were not covered by the provisions of the statute, and therefore could not be adjudicated upon in concurso in this proceeding. We do not think the court's interpretation of the law is correct, but we find no fault with the judgment of nonsuit rendered on these demands.

[5] The claim of Hill includes an amount due for salary as a foreman and an amount due for the rental of certain teams furnished by him. The evidence shows that this was done on two projects—No. 352, which is involved in this suit; and No. 371, which was a separate and distinct piece of work having no connection whatever with the other project. And the claimant has not established with the certainty entitling him to a judgment the amount of labor performed or work done on project No. 352.

The claim of Gillis represents a balance of $524.15 due as salary for acting as a foreman for the contractor. The claimant worked on both projects Nos. 352 and 371. He received, from time to time, payments on account of his services. The evidence fails to disclose how much of his claim is for services rendered in connection with project No. 352. It also fails to show to what items the various amounts received by the claimant were credited.

[6, 7] Appellant Wilson filed a claim for $732. Of this amount $600 was for acting as foreman for four months at $150 per month on the project No. 352, and $132 for traveling expenses to Baton Rouge.

Our conclusion is that his claim for $600 should have been allowed, under the broad provisions of the statute extending its protection to all persons doing "any work" whatever, and in pursuance of a contract and bond executed in accordance therewith. The item of traveling expenses is not covered either by the statute or the bond, and cannot be allowed.

On the claim of the appellant W. T. Bell, the testimony is too confusing and unsatisfactory to furnish a basis for a decree. The judgment nonsuiting the demand is correct.

[8, 9] The claim of the appellant Winnsboro Wholesale Grocery Company is made up of numerous items. Many of these items are for animal feed, and many of them are for groceries and other articles for human consumption and for merchandise for human use. The claimant may be entitled to an action on the contractor's bond for furnishing feed for the use of the teams engaged on the work; but he is not entitled to such an action for furnishing groceries and other merchandise to the contractor, either for his personal use, or for sale to his workmen and other persons dealing with the store or commissary which he operated. Cf. Miller v. Bonner, 163 La. 332, 111 So. 776. The account with the claimant ran during the entire time the contractor was working on both projects. There was no attempt made to separate the items and show on which piece of work, if any, they were used. There is no error in the judgment in this respect.

The appellant Standard Oil Company filed its claim, and also appeared, by way of an

answer, in this suit. But no attempt was made in its behalf to prove the account, and there is no testimony in the record upon which a judgment can be predicated. In these circumstances, the judgment of nonsuit is correct.

[10] Plaintiff and appellee, in his answer to the appeal, alleges that the surety company, following the default of the contractor, took over and completed the work. He contends that from that time the surety company became the principal and is without right to have its liability limited to the amount of the bond. He cites Klein v. Collins, 159 La. 704, 106 So. 120, in support of his claim.

The contention does not appear to have been made in the court below, nor do we think, under the pleadings, it could have been set up there. But, conceding the claim is legally before the court, nevertheless, it is our conclusion that there is no merit in it. The facts here are dissimilar to the facts in the cited case. There the surety company by express agreement took over the contract for the purpose of completing the building, and it was for the cost of the completion and for damages for the delay in delivery that it was held liable, irrespective of the amount for which it had obligated itself as surety. In the case before us, the surety company undertook to complete the highway, not as the principal, but as the agent, or for the account, of the contractor. It has paid all the labor employed and for all material furnished after it undertook to complete the work. In these circumstances, we do not think it can be held liable beyond the penalty stipulated in its bond for the labor and material furnished the contractor prior to his default.

For the reasons assigned, the judgment appealed from is amended so as to decree as privileged the claim of F. R. Wilson in the sum of $600 and to grant him the right to participate pro rata with the other judgment creditors herein in the distribution of the funds deposited in the registry of the court below by the Louisiana state highway commission, and decreeing said Wilson a like judgment, with 5 per cent. per annum interest thereon from March 15, 1924, until paid, against the said W. H. Harriss and the United States Fidelity & Guaranty Company, in solido, subject to a credit of the pro rata of the fund distributed to him, and limiting the liability of the said surety company to the amount of its bond, except interest and cost of court.

It is further ordered that in all other respects the judgment appealed from be affirmed; all costs of court incurred by the appellees and the appellant F. R. Wilson to be paid by the appellant surety company.

THOMPSON, J., recused.