### ANDERSON v. HARVEY & JONES et al.
### No. 4785.

Court of Appeal of Louisiana.
Second Circuit.
May 4, 1934.

L. L. Morgan, of Covington, and E. R. Stoker, of Baton Rouge, for appellant.

H. W. Ayres, of Jonesboro, for appellee.

DREW, Judge.

On September 30, 1931, the Louisiana Highway Commission and Harvey & Jones entered into a contract whereby Harvey & Jones obligated itself to construct and complete a highway designated as State Project No. 819, Sections A and B, on Routes 545 and 547, situated in Jackson parish, La., and to furnish all labor and material necessary for the completion of said project. The specifications are attached to said contract and include the fence to be built along said highway. The Union Indemnity Company furnished the bond required of the contractor by the Louisiana Highway Commission. Prior to the filing of this suit, the Union Indemnity Company was dissolved by order of court and its corporate existence terminated.

The plaintiff in this suit was employed by Harvey & Jones to furnish the posts and construct the fence along said highway. The agreed price for the posts, plus the agreed price for the labor in constructing said fence, amounted to $125.99, upon which amount plaintiff was paid $5 by Harvey & Jones. The contract was completed by the contractor on August 24, 1932, and same accepted by the Louisiana Highway Commission soon thereafter. On August 27, 1932, plaintiff filed a lien against said road for the amount due him and gave notice in accordance with law to the Louisiana Highway Commission, and said lien was duly recorded in the mortgage records of Jackson parish on August 29, 1932. Not receiving pay for his work and material furnished, plaintiff filed this suit.

Harvey & Jones did not answer and judgment by default was confirmed against it. The Louisiana Highway Commission first filed an exception of no cause of action which, without objection, was referred to the merits; an answer was then filed denying plaintiff's right to recover against the Highway Commission and denying that plaintiff had a valid lien against said road.

On trial of the case on the merits, defendant did not further preserve its exception of no cause of action by timely objection to

any evidence. It therefore follows that the exception of no cause of action, which was referred to the merits without objection on the part of defendant, will have to be passed upon after considering the evidence in the case.

The exception was leveled at article 9 of the petition, which in part reads as follows: " * * * the said Louisiana Highway Commission has paid out to various and sundry creditors and other persons claiming to be creditors and holders of lien and privileges, from the funds held by the said Commission with which to pay for the work on said project, a sum greatly in excess of the amount of petitioner's claim and debt."

Defendant contends that the above allegation is one of other liens of record, and that under No. 224 of 1918, §§ 4 and 5, as construed in Mahoney v. Louisiana Highway Commission et al., 154 La. 387, 97 So. 582, plaintiff was without right to sue other than to convoke a concursus. The evidence in the case is silent on the question of any other lien or indebtedness of the contractor on this project; therefore, when the exception is considered on the merits of the case, where it was referred without objection, we find no merit to the exception and it is overruled.

■ The claim of plaintiff is not contested by Harvey & Jones and is amply proved by the testimony. The only remaining question is the right to a lien against the road by one who furnished the posts and erected the fence along the side of the road. The fence was erected on the right of way of the highway and was specified in the contract as a part of the project. In contesting plaintiff's right to a lien, defendant relies on the following cases: Rester v. Moody & Stewart, 172 La. 510, 134 So. 690, 692; Red River Const. Co. v. Pierce Petroleum Corp., 165 La. 565, 115 So. 752; Miller v. Bonner et al., 163 La. 332, 111 So. 776; Silver v. Harriss, 165 La. 83, 115 So. 376; State v. Smith, 167 La. 301, 119 So. 56; H. R. Hayes Lbr. Co. v. McConnell et al., 176 La. 431, 146 So. 14.

The above-cited cases are not authority for defendants' contention, but, we think, are authority for the contention of plaintiff as the court plainly states in each case that the reason for denying the lien is that none of the material was permitted to remain to become a part of the completed structure. In the case before us the fence built on the right of way did remain and become a part of the completed structure. It became a part of the improvement constructed and was so intended, for the reason that it was specifically contracted for and was included in the specifications. The project was more than the mere building of a roadbed; it provided for the roadbed to be fenced and was all one project. The fence remained where it was constructed and became a part of the improvement and was actually incorporated in the work, and became a component part of the project. Defendant does not contest the fact that the lien was properly and timely filed, neither does it deny its liability if the claim be held to be a lien under Act No. 224 of 1918.

The lower court decided in favor of plaintiff recognizing his lien and privilege, and awarded judgment against all defendants in solido. Only the Louisiana Highway Commission has appealed. The judgment of the lower court is correct and is affirmed, with costs.