7 229
f125 467

## EMILE D. BARON v. THOMAS PLACIDE.

The fact that one party to a contract through complaisance, and at the request of the other party, rendered a service, cannot raise a presumption against the former, that she thought herself bound by the contract to render it.

Where the contract provides a penalty for its breach, and points out the manner in which it is to be dissolved, a dissolution of it in a manner not pointed out, is a breach, and the penalty is thereby incurred.

Where a contract has been partly executed and justice requires it, the court will modify the penalty

APPEAL from the Third District Court of New Orleans, *Kennedy* J. *Eyma* and *Grailhe*, for plaintiff. *Benjamin* and *Micou* and *T. H. Howard*, for defendant. By the court:

ROST, J. This case presents the grave question, whether the plaintiff was bound under her engagement as *danseuse* and *mime* at the theatre of the Varieties, to dance the polka, in the comedy entitled the Serious Family, when required to do so by the stage manager.

Her engagement was as *seconde premiere danseuse*, and had been entered into in Paris. It is considered that she is a *chef demploi*, and she urges that she would not as such be bound to dance parlor dances in parlor dress, with the figurants of the company, as required of her in this case; but in the act signed by her in Paris, after the stipulation by which she binds herself to discharge all the duties of *seconde premiere danseuse*, the following printed clause is found: "Ainsi que tous les rôles portés sur son repertoire, sous peine de résiliation et de restitution des avances et voyages, s'il ne les joue en vingt-quatre heures, sur un simple raccord: le tout en chef ou partage, à l'option de l'Entreprise, qui se réserve le droit de distribuer les pieces nouvelles, à son choix, sans avoir égard aux distributions de Paris, dans lesquelles j'apprendrai quarante lignes ou portées par jour."

The defendant contends, that she is bound, under this general obligation, to play any part that she is capable of playing; that she so understood and executed her engagement originally and danced many times in the same play, without making any objection, and that she cannot now be permitted to avail herself of an interpretation, different from that which she herself put upon the contract during more than twelve months.

It is further urged, that even under her engagement as *premiere seconde danseuse*, she was bound to fill any part assigned to her in her profession as a dancer *dans son emploi*, and that whether she danced in a comedy or ballet in long dress or short dress, she was *dansson emploi.*

It is proved by unimpeached evidence, that the printed part of the contract is a clause of style applicable to actors and singers, and not to dancers. The defendant objected to this evidence on various grounds, but we think it was properly received. The printed clause when applied to a dancing girl, if not absurd, is at least ambiguous, and as whatever is ambiguous in contracts should be determined according to the usage of the country where they are made, we perceive no valid objection to the evidence adduced to prove the usage of France in contracts of this description. Civil Code, 1948.

The printed clause may well be said to be technical, and this evidence was necessary to enable the court to interpret according to its received meaning, with those who profess the art to which it applies. Civil Code, art. 1942. There is another consideration which authorized the introduction of the evidence excepted to. It is stated in the act, that it is temporary, and is to be exchanged on the arrival of the plaintiff in New Orleans for another, semblable a celui des articles de la troupe, clause d'éntéret et d'emploi toute fois, strictement conservée.

So that, besides her obligations as *premiere seconde danseuse*, there was nothing in the contract definitely binding, and evidence was admissible to show that under the usage in France, the printed clause could not have been intended to form part of her final engagement.

We think the second ground equally untenable. Her *emploi* was that of *premiere seconde danseuse*, and she could not be required to appear in any dances which did not enter into that *emploi*, according to the usages of the theatre. See 12 Dalloz, p. 635, § 24. *Kelly* v. *Caldwell*, 4 N. S. 38.

It is said that the plaintiff has herself put upon the contract, the interpretation for which the defendant contends; it appears to us, on the contrary, that the defendant has acquiesced in the construction upon which the plaintiff insists. The engagement of *Hilaeriot*, the *premiere danseuse*, was identical with that of the

plaintiff. She was called upon to dance in the Serious Family, and peremptorily refused. The defendant, though vexed at her refusal, appears to have submitted to it as a matter of right. The plaintiff appeared in that piece several times, but the director of the *corps de ballet* has testified, that she did so through complaisance, and at the request of the defendant who asked it as a favor; her appearance under those circumstances cannot prejudice her legal rights.

We concur with our learned brother of the district court, that the refusal of the plaintiff to dance a parlor dance, in parlor dress, with the figurants of the theatre, constituted no just ground of dismissal, but we have been unable to concur with him in the measure of damages he has adopted. The defendant had a right under the contract to dismiss her, without cause, after giving two months' notice; and as he was at liberty to dispense with her services during those two months, provided he paid her the stipulated salary, the district judge was of opinion, that she could only recover two months' salary, over and above the arrears due her, at the time of the dismissal.

In this we think there is error; the contract contains a clause that the party who commits a breach of it, shall incur a penalty of fifteen thousand francs towards the other, and the present action is for that penalty. The interpretation of the district judge obliterates the penalty in all cases in favor of the defendant, while it leaves it in full force against the plaintiff. The contract should receive such a construction as will give effect to every portion of it, and preserve equality of rights between the parties. The defendant had it in his power to put an end to the contract, by giving two months' previous notice, but he should have given that notice, and tendered the arrears due and two months' salary, if he intended to dispense with her services from the day the notice was given. Instead of this, he dismissed her abruptly, without making a tender and without a just cause. The breach of contract is precisely that contemplated by the clause imposing the penalty.

At the time of the breach, nearly two-thirds of the time during which the engagement was to continue had expired, and as article 2123 of the Code, authorizes us to modify the penalty when the contract has been partly executed, we deem it just to reduce it in this case, so as to allow the plaintiff eight hundred dollars in full of all her claims. This is the amount she would have been enabled to recover, if she had sued for her salary during the unexpired term of her engagement.

The judgment must therefore be amended in her favor as prayed for.

It is ordered, that the judgment in this case be amended, and that the plaintiff recover of the defendant, the sum of eight hundred dollars. It is further ordered, that the judgment as amended, be affirmed, with costs.

Defendant applied for a re-hearing, which was refused.