ORLANDO C. MERRIMAN and others vs. ATWOOD P. JONES and others.

February 18, 1890.

43 29
49 565

43 29
66 482

Mechanic's Lien—Who are Subcontractors.—The respondent corporaation entered into a contract with E., a builder, to erect a house upon its land. E. purchased the necessary lumber of J. & Co., dealers in building material. The latter bought nearly all of the lumber used in the house of the appellants, M. B. & Co., also dealers in building material, who delivered it upon the ground where it was used, principally to the builder's foreman. Without knowledge of any claim of appellants, the respondent paid J. & Co. for the lumber. *Held*, that M. B. & Co. were not subcontractors, within the meaning of the provisions of Gen. St. 1878, c. 90, § 2,—now repealed,—and were not entitled to a lien upon the property.

Appeal by plaintiffs from an order of the district court for Hennepin county, refusing a new trial after a trial by *Rea*, J., and a judgment ordered in favor of the Norwegian-Danish Evangelical Lutheran Augsburg Seminary, against whose property the plaintiff sought to establish and enforce a subcontractors lien, for $651.82.

*Borgholthaus & Cameron*, for appellants.

*Ueland, Shores & Holt*, for respondent.

COLLINS, J. The plaintiffs, as material-men, claim a lien upon certain real property belonging to defendant corporation, under the provisions of Gen. St. 1878, c. 90, § 2, repealed by Laws 1889, c. 200, § 19. This action was brought to foreclose said lien, and when plaintiffs rested their case, it was dismissed by the trial court. The testimony shows that one Evans entered into a contract with said defendant to furnish materials, and fully complete for it, upon the real property before mentioned, a dwelling-house, which has been done. Evans purchased the necessary materials of the firm of A. P. Jones & Co., dealers in lumber and building materials. The latter, evidently small dealers, bought the materials in question, (nearly all that was used in the building,) of the appellants, also lumber merchants, with whom they seemed to have dealt generally and upon other occasions. Appellants delivered the materials upon the ground

where used, and principally to Evans's foreman. The respondent was not advised of plaintiffs' claim until after Jones & Co. had been paid for most of said material. The plaintiffs claim that, as subcontractors in the second degree, they are entitled to a lien; but this position cannot be sustained under section 2, before mentioned, which, so far as pertinent, reads as follows: "Every mechanic or other person doing or performing any work towards the erection * * * of any house, * * * or other building, * * * or furnishing any material for the construction · * * * of such building, * * * whether such work is performed as journeyman, * * * subcontractor, or otherwise, shall have a lien," etc.

Upon the established principle that, when entering into a contract for the erection of a building, the owner of the land authorizes the contractor, by implication, to charge the property for such materials as may be demanded, and by virtue of the statutes in favor of material-men, Jones & Co. were entitled to a lien for the value of the lumber furnished under their contract with Evans, the builder. This the respondent corporation is presumed to have known, and therefore was in a position to have protected its interests. But the right to a lien accrued to Jones & Co., not as subcontractors, as appellants seem to assume, but as material-men, who are expressly mentioned in, and protected by, the statute. That those who simply furnish materials, taking no part in the work of construction, are not subcontractors in any sense, is quite apparent from the wording of the section heretofore quoted, which provides that all persons performing any work of a specified character, or furnishing any material therefor, whether *such work* is performed as a journeyman, laborer, carman, subcontractor, or otherwise, shall have a lien upon the improved property for the value or contract price of such labor and materials. The design in using the words which we have italicised is obvious. No right of lien is conferred by this part of the statute on the lumber dealer, who simply furnishes materials. It includes and provides for those only who have been connected with the work of construction,—who have in some manner performed labor,—and those, also, who may have furnished materials in connection with their work and labor. The respondent knew that Evans, the builder,

would have to purchase the necessary material for its building, and that the lumber dealer from whom he bought would be entitled, as a material-man, to the statutory security. Against a claim of this character the owners of real property can easily guard; but, should dealers in the various articles which enter into the construction of a building be declared contractors or subcontractors, there would be no method of protection for the owner short of tracing all kinds of materials used back to the manufacturers thereof.

Order affirmed.