LAND, J.
Defendant was charged on affidavit with knowingly and unlawfully permitting one Rosie Mary Shields, -a minor, aged 10 years, to appear and perform on the stage of the Greenwall Theater in the city of New Orleans.
Defendant filed a demurrer to the charge, on the grounds that Act No. 301 of 1908, p. 453, under which he is prosecuted, is unconstitutional, in that its provisions make an arbitrary and unreasonable classification, and are not uniform in operation, in direct conflict with both federal and state Constitutions ; that said statute makes a discrimination in favor of minors who work or labor at agricultural or domestic industries and against minors who work or labor at other pursuits; that said statute is unreasonable and its classification not uniform in operation, in that minors are permitted to work and labor in the pursuits specified in the statute, where less than five persons are employed, and are forbidden to labor or work where more than five persons are employed.
This demurrer was overruled, and the defendant excepted. The defendant then entered a plea of not guilty, and on trial was found guilty. The defendant filed a motion for a new trial on the ground that the finding was contrary to the law' and the evidence. This motion was overruled. The accused thereupon filed a motion in arrest of judgment on a number of grounds, among others, that the affidavit does not disclose any crime, or offense against the statute and laws of the state of Louisiana, and that the statute in question is unconstitutional for the reasons assigned in the demurrer.
The motion in arrest was overruled, and the defendant was sentenced to pay a fine of $25, or, in default thereof, to serve 30 days in the parish prison. The defendant has appealed.
Act No. 83 of 1908, p. 96, creating the juvenile court in the parish of Orleans, was *465 submitted as a constitutional amendment by Act No. 245 of 1908, p. 364, and this amendment was adopted by the people.
Section 2 of Act No. 83 of 1908 provides as follows:
“Appeals from said court shall be allowed on matters of law' only, and shall be direct to the Supreme Court of the state.”
This prosecution is under the provisions of section 1 of Act No. 301 of 190S, p. 453, entitled “An act to regulate the employment, of children, young persons and women in tbis state. * * * ” Section 1 reads as follows:
"That from and after the passage of this act it shall be unlawful for any person, agent, firm, company, co-partnership, or corporation to require or permit or suffer or employ any child under the age of 14 years to labor or work in any mill, factory, mine, packing -house, manufacturing establishment, workshop, laundry, millinery or dressmaking store or mercantile establishment in w'hich more than five persons are' employed, or in any theatre, concert hall, or in or about any place of amusement where intoxicating liquors are made or sold, or in any bowling alley, boot blacking establishment, freight or passenger elevator, or in the transmission or distribution of messages, either telegraph or telephone, or any other messages, or merchandise, or in any other occupation not herein enumerated which may be deemed unhealthful or dangerous.
“The provisions of this section shall in no way be construed as applying to agricultural or domestic industries. Any violation of this provision shall be punishable by a fine of not less than $25 or more than $50 or by imprisonment in the parish jail (parish prison in New Orleans) for not less than ten days or more than six months or both in the discretion of the court.”
Section 4 of the same act reads, in part, as follows:
“That no child or person under the age of 18 years, and no woman shall be employed in any of the places and industries enumerated in section 1 of this act for a longer period than ten hours per day or 60 hours per week.”
Section 5 reads, in part:
“That no boy under the age of 16 years and no girl under the age of 18 shall be employed at any work before the hour of 6 in the morning or after the hour of 7 at night. Provided that this shall not apply to persons working in stores and mercantile establishments on Saturday nights or during 20 days before Christmas.”
Section 6 reads, in part:
“That every person, firm or corporation, agent or manager of a corporation employing or permitting or suffering to wmrk children under the age of 18 years and over the age of 14 in all places of business or establishments or occupations enumerated in section 1 shall post and keep posted in a conspicuous , place in every room in which such help is employed or permitted or suffered to work a list containing the names, age and place of residence of every person under the age of 18 years employed, permitted or suffered to work in such room.”
Defendant contends that acting, dancing, or singing on the stage of a theater is not “labor or work” in the sense of the statute. The word “work” has a much more comprehensive meaning than the term' “labor,” and has been thus defined:
“To exert one's self for a purpose, to put forth effort for the attainment of an object; to be engaged in the performance of a task, duty or the like.” ' See Webster's Int. Diet, verbo.
The term as thus defined covers all forms of physical or mental exertions, or both combined, for the attainment of some object other than recreation or amusement. The object of the statute was to prohibit the employment of children of tender years in any kind of labor or work in the places, occupations, and establishments specified in section 1, and in all others that may be deemed dangerous or unhealthful. Section 5 goes further and in cases of boys under 16 years and of girls under the age of 18 years prohibits their employment at any work before 6 a. m. or after 7 p. m. It goes without saying that acting or performing on the stage necessitates both physical and mental toil; and in our opinion the lawmaker intended to prohibit the employment of children in theaters for labor or work of any kind in the interest of their health and proper physical, moral, and mental development. Whether such children be employed in one or another kind of “labor or work” is immaterial. It may be stated, in this connection, that the Civil Code uses the terms “servant” and “laborer” ns synonymous. Articles 2746-2750. Article *467 2749, prescribing a penalty for sending away a “laborer” before tbe contract term has expired, without any serious ground for complaint, has been applied to a dancing girl. Baron v. Placide, 7 La. Ann. 229. And this court has applied the same article to an actor. Camp v. Baldwin-Melville Co., 123 La. 257, 48 South. 927.
The wisdom and policy of the statute does not concern the courts, whose function is confined to the interpretation and enforcement of the law as written.
The next inquiry is as to the alleged unconstitutionality of the statute. The law is presumed to be constitutional, and the burden is on the defendant to show clearly and beyond reasonable dispute that its provisions are repugnant to the organic laws of the United States or of the state of Louisiana.
We assume that the demurrer was intended to charge that the statute in question is violative of the fourteenth amendment to the Constitution of the United States, prohibiting the abridgment of the privileges or immunities of citizens of the United States or the denial to any person of the equal protection of the laws.
In Starnes v. Albion Mfg. Co., 147 N. C. 596, 61 S. E. 525, 17 L. R. A. (N. S.) 602, the court said:
“Child-labor laws have been adopted in nearly all the states of this Union and Canada, and are in force in nearly all the governments of Europe and of the Australian Continent. They are founded on the principle that the supreme right of the state to the guardianship of children controls the natural rights of the parent, when the welfare of society or of the children themselves conflict with parental rights. In this country their constitutionality, so far as we can ascertain, has never been successfully assailed. The supervision and control of minors is a subject which has always been regarded as within the province of the legislative authority. How far it shall be exercised is a question of expediency, which it is the province of the Legislature to determine.
“The constitutional guaranty of the liberty of contract does not apply to children of tender age, nor prevent legislation for their protection. ‘So far as such regulations control and limit the powers of minors to contract for labor, there has never been,’ says Mr. Tiedeman, ‘and never can be, any question as to their constitutionality. Minors are the wards of the nation, and even the control of them by parents is subject to the unlimited supervisory control of the state.’ 1 Tiedeman, State & Federal Control of Persons and Property, p. 325.
“Another eminent writer says: ‘The constitutionality of legislation for the protection of children or minors is rarely questioned, and the Legislature is conceded a wide discretion in creating restraints. * * * Even the courts which take a very liberal view of individual liberty would concede that such paternal control may be exercised over children, especially so in the choice of occupations, hours of labor, payment of wages, and everything pertaining to education ; and in these matters a wide and constantly expanding legislative activity is exercised.’ Freund, Pol. Power, 259.”
The text is supported by the citation of cases from other states, and the case note states:
“The courts have with great uniformity upheld laws looking toward the protection and well-being of children, and prohibiting their employment in dangerous or immoral occupations and places.
“Such laws are held to be within the police power of the state, and the courts generally hold that the Legislature has full power to fix the age at which a child may be employed, and that it is to be the sole judge as to the necessity of the law.”
In the same case note, In re Weber, 149 Cal. 392, 86 Pac. 809, is referred to as holding as constitutional a statute which “prohibited the employment of children under 16 in any dangerous or immoral occupation or business or for public entertainment * * * except singing in churches, schools and academies” (St. 1905, e. 568, § 272), and that the law did not make an arbitrary or unfair discrimination by allowing the employment of children as singers or musicians in churches, schools, and academies. The same case note also cites People v. Ewer, 141 N. Y. 129, 36 N. E. 4, 25 L. R. A. 794, 38 Am. St. Rep. 788, as holding valid and constitutional a statute prohibiting the employment of girls under 14 years of age as dancers or in theatrical exhibitions.
The Supreme Court of California in 1906 held that a statute prohibiting the employ-I ment of children under 14 years of age in cer *469 tain specified occupations was not invalid, either as making an unfair discrimination against the occupations mentioned, or as unduly restricting the rights of minors to work at any and every occupation in which they may wish to engage. See, In re Spencer, 149 Cal. 396, 86 Pac. 896, 117 Am. St. Rep. 137; 9 A. & E. A. C. 1105.
'In the enactment of the statute now in question, the Legislature had the power to discriminate between occupations, by classifying some of them as unsuited to the proper mental, moral, or physical development of children of tender years. In such a matter the judgment of the court cannot be substituted for the discretion of the lawmaker. The act might have been deemed arbitrary and unreasonable if it had prohibited the employment of children in all kinds of occupation.
The contention that the words “where intoxicating liquors are made or sold” qualify the word “theater” is without plausibility. If the words quoted apply to theaters and concert halls, they qualify every other occupation and business mentioned in the statute. A construction which necessitates the substitution of “and” for “or” and eliminates all punctuation marks is wholly inadmissible.
The contention that the statute makes an unlawful discrimination between manufacturing, mining, and business occupations employing more than five persons and those employing five persons or less is without force. The Constitution of 1898 adopted a similar basis of classification in the matter of exemption from taxation. Article 230. The lawmaker had to draw the line somewhere so as to exclude from the purview of the general terms of the statute occupations pursued by families or in which but a few persons were employed. But this limitation of number of employes does not apply to theaters, concert halls, etc., and the defendant is in no manner affected by the alleged discrimination between mills, factories, mines, etc.
We have no jurisdiction over the facts, and find no reversible errors of law in the proceedings.
It is therefore ordered that the judgment be affirmed.
PROVOSTY, J., dissents.