## No. 365
### FODOR v. HILMERICH
Ohio Court of Appeals, Cuyahoga County
No. 4240. March 19, 1923

This opinion has not been published except in Abstract

SALES—(1) Measure of damages in sale of real estate.

VICKERY, J.

Epitomized Opinion
Error to Cleveland Municipal Court
Case Reversed

Hilmerich and wife were owners of a grocery store. Fodor owned certain lots located on W. 45th St., Cleveland. Being desirous of trading their grocery store for a lot, Hilmerich and wife went out to where the lots were situated and a certain lot was pointed out as the one that Fodor wished to trade. The price of the lot was fixed at $1500 and the price of the grocery store was fixed at $1750, and the trade was then entered into. Subsequently the store was transferred to Fodor and he caused a lot to be transferred to Hilmerich, but the lot transferred was not the one agreed upon. Some time afterwards Hilmerich discovered this and brought a suit on the contract for deceit. Judge Beebe of the Municipal Court excluded evidence of the value of the lot upon the ground that the measure of damages was the difference between $1500 and the market value of the lot received. As the plaintiff secured a judgment for $500, Fodor prosecuted error to the Court of Appeals. In reversing the lower court, this court held:

1. The measure of damages is the difference between the value of the lot received and the value of the lot purchased, and not the difference between $1500 and the market value of lot received, because the former may have been worth more in the market than the other or the value of $1500 may not have been the entire value of the lot agreed upon.

Attorneys—Schaefer & Lawrence, for Fodor; G. C. Hafley, for Hilmerich.

## No. 366
### EFROS v. SELTZER-ROUND CO.
Ohio Court of Appeals, Cuyahoga County
No. 4700. April 16, 1923

This opinion has not been published except in Abstract

JUDGMENT—(1) Motion to Vacate—Must be supported by sufficient evidence, before court has power to allow.

Vickery, Sullivan and Levine, JJ.

PER CURIAM.

Epitomized Opinion
Error to Cleveland Municipal Court
Case Reversed

Efros, as receiver, brought suit against the Seltzer-Round Co. and others to recover different sums of money. The Seltzer-Round Co. failed to answer and the default judgment was taken in favor of Efros in the sum of $1200. Within the term a motion to vacate the judgment was filed and the court granted this motion. The record does not show affirmatively that the defendant had a defense or offered evidence to satisfy the court that it had a defense. Nevertheless the court vacated the judgment. The plaintiff prosecuted error on the ground that the Municipal Court had no power to grant such a motion without first having found that there was a defense to the action. In reversing the judgment of the Municipal Court, this court held:

1. Before a judgment will be vacated upon motion, the defendant must satisfy the court by satisfactory evidence that valid defense exists, and the court has no power to grant such a motion even during the term where such evidence is not produced.

Attorneys—Harry Efros, for Efros; Wm. Agnew, Contra.

## No. 367
### REPUBLIC TOOL & MANUF. CO. v. LENARZ
Ohio Court of Appeals, Cuyahoga County
No. 4293. April 16, 1923

This opinion has not been published except in Abstract.

ATTACHMENTS—(1) Construction of work and labor under GC. 10253—(2) Coroporate officer not within purview of statute.

Middleton, J. J., Sayre and Mauck, JJ., 4th Dist.
Sitting

SAYRE, J.

Epitomized Opinion
Error to Cleveland Municipal Court
Judgment Reversed

Elmer Lenarz brought suit against the Republic Tool & Mfg. Co. for salary due him on an oral contract of employment while he was acting as vice president and general manager of said company. Plaintiff performed no manual labor in the ordinary sense of such term, but was solely an executive of said company, and whatever work or labor he may be said to have performed was such work as executives are called upon to do. Sec. 10253 GC. provides that an attachment may issue for work and labor. An affidavit was filed which states that a claim for work and labor existed, and certain moneys belonging to the defendant company were attached. A motion to discharge the attachment was made by the defendant, which was overruled. The defendant company prosecuted error, claiming that the service performed was not "work and labor" within the meaning of 10253 GC. In reversing Judge Silbert of the Municipal Court, the Court of Appeals held:

1. The Legislature of Ohio, Under GC. 10253 did not intend to include within the term "work and labor" claims of physicians, attorneys, or executive officers.

2. An executive officer of a corporation stands in the same relation to the business as the individual owner does and is an employer of those who work and labor rather than one who performs the same.

Attachment discharged.

Attorneys—Stearns, Chamberlain & Royon, for Republic Co.; Grossman & Grossman, for Lenarz.

## No. 368
### WORTHINGTON, BELLOWS & CO. v. WHITMAN
Ohio Court of Appeals, Nov. 25, 1921
15 Ohio App. 161

NEGOTIABLE INSTRUMENTS—Defense—Consideration a gambling transaction—Stock margins—5966 GC.—Proviso—Broker of stock exchange—Evidence of intent to gamble.

SULLIVAN, J. Error to Cuyahoga Common Pleas; judgment reversed.

Attorneys—Wilkin, Cross & Daoust, for plaintiff in error; John A. Elden, Contra.

## No. 369
### WEISER, Receiver, v. JULIAN et al
Ohio Court of Appeals, Hamilton County
March 7, 1921
15 Ohio App. 171

CORPORATIONS—Trust not created, when—Advancement of money—Agreement to assume obligation to transfer stock—Foreign corporations—Charter forfeited in foreign state—Rights of stockholders and creditors—Ohio laws inapplicable, when—Settlement of dissolved domestic corporations—8742, 11968 and 11969 GC.

CUSHING, J. Error to Cincinnati Superior Court; judgment affirmed.

Attorneys—Robert M. Morgan and Charles Bayly, for Weiser; Frank F. Dinsmore and John C. Herman, Contra.