141 So. 13

J. WATTS KEARNY & SONS v. PERRY et al.

No. 31177.

March 30, 1932.

Monroe & Lemann, of New Orleans, Walter Lemann, of Donaldsonville, and Watts K. Leverich, of New Orleans, for appellant.

Lewis L. Morgan, of New Orleans, for appellee Louisiana Highway Commission.

J. Y. Sanders, Jr., of Baton Rouge, for appellee W. C. Perry.

J. C. Henriques, Manning W. Heard, and Wm. E. Westerman, all of New Orleans, for appellee Union Indemnity Company.

LAND, J.

On May 13, 1926, W. C. Perry entered into a contract with the Louisiana Highway Commission to construct and complete all of the road work known and described as state project 127–E, consisting of the surfacing of the Hammond-New Orleans Highway, route No. 33, in the parish of St. John the Baptist.

W. C. Perry, as principal, and the Union Indemnity Company, as surety, executed in favor of the state, and of all subcontractors, workmen, laborers, mechanics, and furnishers of material and supplies, a bond to secure the faithful performance of the contract, and a bond for the payment of all bills for materials used and labor performed in the construction of the work.

The Weaver Sand Company, Inc., entered into a contract with W. C. Perry, contractor, to furnish all the gravel required by him in the construction of the work, and J. Watts Kearny & Sons, plaintiff, agreed to sell to the Weaver Sand Company, Inc., the necessary gravel according to specifications, required by the Louisiana highway commission.

Plaintiff, in accordance with its contract with the Weaver Sand Company, Inc., delivered to that company the gravel purchased, but said company failed to pay plaintiff a balance of $7,861.96 due under the contract.

W. C. Perry, contractor, defaulted on the contract, and the Louisiana highway commission called upon the surety company to complete the work, and on May 4, 1927, project 127–E, route No. 33 in the parish of St. John the Baptist, was formally accepted by the Louisiana highway commission.

At that date the following claims were of record in the parish of St. John the Baptist against "W. C. Perry, contractor, the Weaver Sand Company, Inc., sub-contractor, and the Louisiana Highway Commission to-wit: J. Watts Kearney & Sons, $9,709.59; Alb. G. Thomas, $1,186.47."

On March 5, 1927, there was paid to plaintiff by the Weaver Sand Company, Inc., the sum of $1,847.63, leaving a balance due of $7,861.96.

Plaintiff claims the balance due for materials furnished to the Weaver Sand Company, Inc., on the ground that said company is a subcontractor of W. C. Perry, contractor.

As the public authorities failed to provoke a concursus within the delays prescribed by Act 224 of 1918, plaintiff instituted the present proceedings in order that the rights of all parties might be tried and judicially determined.

Plaintiff has cited the Louisiana highway commission, W. C. Perry, contractor, the Union Indemnity Company, surety, and Albert G. Thomas, claimant, to appear and answer, and prays that the claims and defenses of these defendants and claimants be tried in concurso with the claim of plaintiff. Plaintiff also prays for judgment against W. C. Perry, Weaver Sand Company, Inc., Union Indemnity Company, and the Louisiana highway commission, in solido, in the sum of $7,861.96, with interest at 5 per cent. thereon from January 27, 1927, and that plaintiff be allowed to recover 10 per cent. of the amount of its claim as attorney's fees, and that the same be taxed against these defendants.

The defendants, the Louisiana highway commission, W. C. Perry, and the Union Indemnity Company filed exceptions of no right or cause of action. Judgment was rendered in favor of defendants, maintaining these exceptions, and dismissing plaintiff's suit. From this judgment plaintiff has taken a devolutive appeal to this court.

In support of the exceptions of no right or cause of action, counsel for defendants contend that the obligations of a contractor, under Act No. 224 of 1918, for the construction of a public work, the obligations of his surety, and those of the public authority for which the work is done, to pay for labor and materials used in the work, are by law restricted to creditors of the contractor and his subcontractors, and do not extend to creditors of materialmen, and that, since plaintiff is merely a furnisher of material to another furnisher of material, it is without any right of action against defendants.

It is provided in section 1 of the act that, when public works are about to be constructed at the expense of a public body, the representative of that body shall require of the contractor a bond for the performance of the contract, "with an additional obligation for the payment by the contractor and by all subcontractors for all work done, labor performed, or material furnished" in the construction of the work.

The plain terms of this section restrict its operation to creditors of the contractor and of subcontractors.

This interpretation is recognized in Silver v. Harriss, 165 La. 89, 115 So. 376, 378, in which it is said: "The statute declares that the obligation of the bond shall be for the payment of all moneys due by subcontractors, as well as by the contractor, for work done, labor performed, or materials furnished."

In the instant case, plaintiff, J. Watts Kearny & Sons, is a materialman, who furnished materials to the Weaver Sand Company, Inc., another materialman, who sold and delivered the same materials to W. C. Perry, contractor. There is no privity of contract whatever between plaintiff, J. Watts Kearny & Sons, and W. C. Perry, contractor, and the transaction between Perry and the Weaver Sand Company, Inc., constituted merely a completed sale of material. Weaver Sand Company, Inc., was not a subcontractor, as it had not contracted with Perry, the contractor, to do any work embraced in his original contract with the Louisiana highway commission. Plaintiff, therefore, is not a creditor of the contractor, W. C. Perry, nor of any subcontractor, and is not entitled to the protection of Act No. 224 of 1918.

The conclusion we have reached is supported by the following authorities:

Dolese Bros. Co. v. Andrecopulas, 113 Okl. 18, 237 P. 844; Hihn-Hammond Lumber Co. v. Elsom, 171 Cal. 570, 154 P. 12, Ann. Cas. 1917C, 798; Merriman v. Jones, 43 Minn. 29, 44 N. W. 526; Van Dorn Iron Works Co. v. Erie-Huron Realty Co., 108 Ohio St. 314, 140 N. E. 325; Buhler v. N. Y. Dock Co., 170 App. Div. 486, 156 N. Y. S. 457; Herrmann & Grace v. City of New York, 130 App. Div. 531, 114 N. Y. S. 1107; Rudolph Hegener Co. v. Frost, 60 Ind. App. 108, 108 N. E. 16.

Plaintiff's suit shows, upon its face, most convincingly that plaintiff itself has interpreted Act No. 224 of 1918 in the same manner as defendants have done.

Admittedly, plaintiff's right or cause of action is predicated flatly upon the proposition that the Weaver Sand Company, Inc., is the subcontractor of W. C. Perry, contractor, and that plaintiff is a creditor of the subcontractor.

Such is the plain and unmistakable allegation of plaintiff's petition. Yet plaintiff now argues that it makes no difference, under Act No. 224 of 1918, whether plaintiff is a materialman and furnished material to another materialman (the Weaver Sand Company, Inc.), who in turn sold it to the contractor, since plaintiff has furnished material which was used in the work, and has fully complied with the terms of the act, and therefore plaintiff is entitled to recover against defendants at all events.

Plaintiff recorded its claim and filed a sworn statement of the amount due it under the contract, and sent a sworn statement by registered mail to W. C. Perry, contractor,

the Weaver Sand Company, Inc., Union Indemnity Company, surety, and the Louisiana highway commission.

Section 2 of Act No. 224 of 1918 provides: "That any person, firm or corporation, association of persons or partnership to whom any money shall be due on account of having done any work, performed any labor on, or furnished any material in the construction, erection, alteration or repair of any such building, road, work or improvement, may file with the said authority having the said work done, and record in the office of the Recorder of Mortgages for the parish in which the said work is being done, any time after the maturity of his claim, a sworn statement of the amount due him, and any payments made thereafter by said authority without deducting the amount of the claims so served on it, shall be at its own risk."

Plaintiff can find no consolation in the broad language of this section, in construing Act No. 224 of 1918, since in Silver v. Harriss, 165 La. 89, 115 So. 376, 378, we said: " * * * The broad language of the act evidences, unmistakably, that it was the intention of the lawmaker to protect all the creditors, including subcontractors, of the contractor for doing any work, performing any labor, or furnishing any materials in the execution of the public work undertaken by him."

Necessarily it follows that the persons, firms, associations of persons or partnerships doing any work, performing any labor on, or furnishing any material in, the construction of any road, work, or improvement, mentioned in section 2 of the act, must be creditors of the contractor or of a subcontractor,

otherwise Act No. 224 of 1918 affords them no protection.

In our opinion, the exception of no right or cause of action was properly maintained in the lower court.

■ 2. Plaintiff's petition was amended to declare that the Weaver Sand Company, Inc., bound itself not only to furnish gravel, but to deliver it piled along the roadside embankment at intervals of every fifty feet.

Defendants objected to this amendment on the ground that it was made after issue joined and altered the substance of plaintiff's demand by making it different from the one originally brought, and was allowed in violation of defendants' rights, under article 419 of the Code of Practice.

The only new fact alleged in the amended petition is that the Weaver Sand Company, Inc., agreed to deliver the sand piled along the roadside embankment at regular intervals. That agreement was not an undertaking to perform any part of the original contract with Perry, the contractor, but the delivery of the gravel was a mere incident of the sale of same.

The amendment was properly allowed, as the agreement additionally alleged did not make plaintiff a subcontractor.

■ 3. It is too late for plaintiff to complain that the exception of no cause of action should have been relegated to the trial of the case on the merits. It may be that in a concursus proceeding an exception of no cause of action ought to be disposed of regularly at the time the merits of the various claims are considered, but, be this as it may, plaintiff made no objection to this exception being specially fixed for trial, and

participated in the trial. It is now too late, after judgment rendered, for plaintiff to urge that the procedure was irregular.

■ Besides, none of the parties to this proceeding has appealed but plaintiff, and a judgment rendered in a concursus proceeding cannot be altered with respect to parties who have not appealed.

"Claims of parties not appealing from judgment nonsuiting them in concursus proceeding cannot be passed on by Supreme Court on appeal by other parties." Silver v. Harriss, 165 La. 95, 115 So. 380.

"Where surety of contractor was the only party appealing from a judgment in a concursus proceeding, the judgment was not subject to reversal or amendment in any respect except as to liability of the surety and in all other respects the judgment appealed from was final." State v. Miller et al., 169 La. 914, 126 So. 422.

Judgment affirmed.

O'NIELL, C. J., absent.