BOLIN, Judge.
Plaintiff filed suit for the unpaid balance due for work performed by him for an alleged subcontractor of Atlas Construction Company, Inc., which had a contract for the construction of a state highway in Winn Parish. From judgment rejecting his demands against the construction company and its surety, National Surety Company, plaintiff appeals.
Plaintiff’s cause of action is predicated on LSA-R.S. 38:2241-2247, relating to contracts for public works. Atlas Construction Company, Inc., as the prime contractor, had agreed to purchase pit-run gravel from R. L. Sutton delivered and spot dumped at the job site for $2 per cubic yard. The gravel pit being some 25 miles away, Sutton contracted with plaintiff to haul and *583 dump the gravel for $1.20 a cubic yard. Under this agreement Sutton became indebted unto plaintiff for $2839.20. He paid him $1,000 but has not paid the balance of $1839.20, which is the amount claimed in the instant suit. Atlas paid Sutton the contract price of $2 per cubic yard for all gravel delivered to the job site but denies it has any obligation toward plaintiff contending Sutton was not a “subcontractor” but merely a “furnisher of materials” and, therefore, plaintiff’s exclusive remedy is against Sutton.
It may be conceded the prime contract was properly entered into and bonded pursuant to LSA-R.S. 38:2241 and that notice of plaintiff’s claim was properly filed in order to preserve same if it otherwise has merit.
The result in this case depends solely upon the proper interpretation of the following portion of LSA-R.S. 38:2241:
“Whenever the state or any state board or agency or any political subdivision of the state enters into a contract in excess of one thousand dollars for the construction, alteration, or repair of any public works, the official representative of the governing authority shall reduce the contract to writing and have it signed by the parties. He shall require of the contractor a bond, with good, solvent, and sufficient surety in a sum not less than fifty percent of the contract price for the faithful performance of the contract with an additional obligation for the payment by the contractor or subcontractor for all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works, or for furnishing materials or supplies for use in machines used in the construction, alteration, or repair of any public works. * * * ”
The lower court in an excellent written opinion based its decision on the following cases: J. Watts Kearny & Sons v. Perry, et al., 174 La. 411, 141 So. 13 (1932); American Creosote Works v. City of Monroe, et al., 175 La. 905, 144 So. 612 (1932); Jesse F. Heard & Sons, et al. v. Southwest Steel Products, et al. (La.App. 2 Cir., 1960), 124 So.2d 211 (cert. denied).
We think the judgment rejecting plaintiff’s demand is correct and likewise feel the cases cited, supra, are controlling. In the Kearny & Sons case, plaintiff furnished materials to Weaver Sand Company who in turn sold and delivered the same materials to defendant contractor. Plaintiff claimed that because Weaver Sand Company agreed to dump the gravel along designated spots of the roadbed, the company was a subcontractor. The Court, however, decided adversely to plaintiff and in interpreting Act 224 of 1918 (the pertinent portion thereof being identical with LSA-R.S. 38:2241) said :
“It is provided in section 1 of the act that, when public works are about to be constructed at the expense of a public body, the representative of that body shall require of the contractor a bond for the performance of the contract, ‘with an additional obligation for the payment by the contractor and by all subcontractors for all work done, labor performed, or material furnished’ in the construction of the work.
“The plain terms of this section restrict its operation to creditors of the contractor and of subcontractors.
* * * * * *
“Necessarily it follows that the persons, firms, associations of persons or partnerships doing any work, performing any labor on, or furnishing any material in, the construction of any road, work, or improvement, mentioned in section 2 of the act, must be creditors of the contractor or of a subcontractor, otherwise Act No. 224 of 1918 affords them no protection.”
The cases of American Creosote Works v. City of Monroe, supra, and Jesse F. *584 Heard & Sons v. Southwest Steel Products, supra, followed the holding in the Kearny case.
The jurisprudence seems now well settled that in order for a claimant to hold the prime contractor or surety liable under LSA-R.S. 38:2241, it is a prerequisite either that there be privity of contract or that the claimant furnish labor or materials to a contractor or subcontractor. It is conceded Brouillette had no direct dealings with the principal contractor; therefore, the only question in the instant case is whether R. L. Sutton was a subcontractor as contradis-tinguished from a mere furnisher of materials or labor. The evidence and argument of counsel for plaintiff as to whether Brouillette’s duties were in the nature of those of a subcontractor rather than a furnisher of materials is irrelevant. As there was no privity of contract between plaintiff and the general contractor, plaintiff’s rights flow entirely from R. L. Sutton. On this question the lower court concluded Sutton merely contracted to supply pit-run gravel from his gravel pit to designated spots on the job site at a specified price per yard and thus was clearly a furnisher of materials and not a subcontractor. We think the evidence substantiates such a holding.
As an additional basis for recovery, plaintiff alleged Atlas acknowledged his claim and in effect promised to pay it. He testified Mr. H. A. Hanks, project manager and official of Atlas, told him he had nothing to worry about since Atlas always saw that the gravel haulers were paid. This conversation was denied by Mr. Hanks and the lower court concluded plaintiff had failed to carry the burden of proving an independent verbal promise to pay the debt. We find no error in this portion of the judgment appealed from.
For the reasons assigned, the judgment is affirmed at appellant’s costs.
Affirmed.