CHASEZ, Judge.
Coating Specialists, Inc. sued Pat Caffey Contractor, Inc. for the sum of $4,260.00, allegedly owed to the plaintiff for services performed in sandblasting and coating various pipeline fittings. This suit was filed on May 27, 1964.
On September 3, 1964, the plaintiff filed an amended petition whereby Royal Indemnity Corporation was j oined as a co-defendant liable under its surety bond in favor of the Housing Authority of Jefferson Parish covering claims of materialmen, labor and services performed under a contract between the Housing Authority and the Jefferson Construction Company, contractor.
By a second amended petition filed November 13, 1966, the plaintiff prayed for 10% attorney’s fees. Both defendants answered and issue was joined. After a trial on the merits, the District Court rendered judgment for the plaintiff and against the defendants, in solido, to the full amount of plaintiff’s claim, plus 10% attorneys’ fees, together with legal interest.
The defendants appealed, and argue here that the Court erred in allowing Coating Specialists, Inc. to recover from the surety on the statutory public works bond because the plaintiff is not within the classes of creditors designated by the public works statute (LSA-R.S. 38:2241 et seq.). It is also argued that there was error in holding Royal Indemnity Company and Pat Caffey Contractor, Inc. liable in solido because the liability of the surety, if any, is statutory, and that of the subcontractor is conventional in nature; and that there was error in allowing recovery for attorneys’ fees against the surety and the subcontractor because there was no timely notice of claim to both the surety and the prime contractor insofar as the surety’s liability is concerned, and because Caffey cannot be held for the penalty since he is not liable under the statutory bond, but only conventionally pursuant to private agreement. Finally, the appellants contend that the award itself was excessive, since there was no agreement for a fixed unit price and the evidence showed that a reasonable price would be much less.
The facts pertinent to most of the issues raised are not disputed and can be summarized in simple fashion. The Housing Authority of Jefferson Parish contracted with Jefferson Construction Company, the prime contractor, for the construction of a public housing project in Marrero, Louisiana. Royal Indemnity Company was the surety under bond for the performance of this project. Pat Caffey Contractor,. Inc. was to construct sewerage, drainage and water systems for the prime contractor under a subcontract between them. Certain pipe fittings to go into this subcontracted-for work had to be coated with primer as per certain municipal specifications. These fittings were supplied in a. state which was not in accordance with the above-mentioned specifications by a supplier not a party to this suit. Pat Caf-fey Contractor, Inc. then arranged for the coating work to be done by Coating Specialists, Inc., who performed the job of sandblasting the fittings to remove the factory coat and re-coating them with the required materials. All of this work was done at Coating Specialists, Inc.’s own shop. The fittings were then picked up and delivered to the housing project job-site where they were ultimately installed- *384 Coating Specialists, Inc. was never paid for the services which it performed and a lien was recorded in the mortgage office.
The first question to be decided is one of first impression under Louisiana’s Public Works Statute, and must necessarily involve an interpretation of that law which is found in LSA-R.S. 38:2241 through 38:2248.
Counsel for appellants argues that the plaintiff is not entitled to recover against the surety, because Section 2241, as interpreted by the courts, does not contemplate this type of creditor as one with a lienable claim. That section provides in pertinent part that when a public work construction is undertaken, a bond with solvent and sufficient surety will be required by the governing authority of the contractor, which bond shall be recorded in the mortgage office, and which shall be “for the faithful performance of the contract with an additional obligation for the payment by the contractor or subcontractor for all work done, labor performed, or material or supplies furnished for the construction, alteration, or repair of any public works * * *.”
The language of Section 2242 is similar. “Any person to whom money is due for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, * * * ” is authorized to file a sworn statement of claim with the governing authority and have it recorded.
Counsel for appellants interprets the language to require that the “work done” (which term entails supervisory work according to counsel) or “labor performed” must be at the job site itself.
It is also urged that Coating Specialists, Inc. was not a furnisher of material since that company did not sell the pipe fittings to anyone.
The public works statute is to be strictly construed and the liability of the surety should not be expanded beyond the statute. Rester v. Moody & Stewart, 172 La. 510, 134 So. 690 (1931). Jesse F. Heard & Sons v. Southwest Steel Products, 124 So.2d 211 (La.App.1960).
This court concedes, arguendo, that the categories of laborer or furnisher of materials is not legally descriptive of the plaintiff’s position in this case. But it is of the opinion that the plaintiff does clearly come within the “work done” classification as a subcontractor, “work done” being a classification differentiated from “labor performed” as containing a more comprehensive meaning than the word “labor”, and involving all forms of exertion, mental or physical or both. Silver v. Harriss et al, 165 La. 83, 115 So. 376 (1927), citing State v. Rose, 125 La. 462, 51 So. 496 (1910). Pyburn v. Popich Marine Construction, Inc., 186 So.2d 674 (La.App.1966).
What we have, then, is a subcontractor, (Coating Specialists, Inc.) of a subcontractor (Pat Caffey Contractor, Inc.). Subcontractors of subcontractors can be lien claimants under the statute where the work they performed goes into the construction, alteration, or repairs of the public work as they are creditors of the subcontractors for whom the bond affords coverage. Pyburn v. Popich Marine Construction, Inc., supra. The obligation of the surety is “for payment by the contractor or subcontractor” to the specified classes of creditors.
The problem arises in this case that the work done, while eventually used in the job site, was not performed at the job site, and the appellant maintains that this is the key feature of the issue. We disagree, because of the broad language of the statute itself, and because the significant factor is whether the work done went into the project itself or not. The mere accidental performance of the work at one physical location rather than another can not operate to deprive the plaintiff of *385 its lien remedy in our view, when the substantial result is the same. The work done was an integral part in the construction of the project. The principle of strict construction of this public works law would not require an interpretation in derogation of the plain and literal meaning of its words, so as to negate a lien claim clearly within its terms. This, after all, would be contrary to the principle of strict construction, as would too liberal an interpretation. The statute simply says “work done,” without regard to location. The test that must be met is the direct relation of the work done to, or its consumption in, the construction project itself. John H. Murphy Iron Works v. United States Fidelity & Guaranty Co., 169 La. 163, 124 So. 768 (1929). Long Bell Lumber Co. v. S. D. Carr Const. Co., 172 La. 182, 133 So. 438, (1931). There is no requirement in the jurisprudence cited to this court that the “work done” must be done at the job site in order for there to be a lienable claim.
Royal Indemnity Co. places much reliance on Jesse F. Heard & Sons v. Southwest Steel Products, supra. That case held that a party who sells materials or supplies to a contractor to be used in a building did not become a subcontractor by virtue of the fact that the materials supplied had to be built or altered to specifications if the supplier did not do any work at the job site toward its installation, or have responsibility in the construction of the building. This test of participation in the construction is sought to be applied here. In the Heard case, the contractor simply commissioned a firm, Industrial Fabricators, Inc., to supply certain structural steel in accordance with specifications. Industrial Fabricators in turn commissioned Southwest Steel Products to provide the steel, which Southwest Steel did, after doing the actual fabrication. The latter concern, Southwest Steel Products, was the party claiming a lien. This was found to be the situation of a material supplier of a material supplier attempting to assert a claim. Materialmen of materialmen do not have a lienable claim. J. Watts Kearney & Sons v. Perry, 174 La. 411, 141 So. 13 (1932).
We agree that in the situation that the court had before it in Heard, the test of participation was properly applied to determine that a seller of materials which also required fabrication was a supplier of materials rather than a subcontractor. As that Court noted, time and labor are expended in the production of all materials. However, that test is not applicable in this case. Coating Specialists, Inc. cannot be said not to be within the “work done” category simply because the work was not done at the job site. Coating Specialists, Inc. did not sell the pipe fittings, but worked on them. And even if it had sold the pipe fittings and was considered a material supplier, it would be covered under the bond because it was dealing directly with a subcontractor. That Pat Caffey Contractor, Inc. was a subcontractor is indisputable. This is not a problem where the determination must be made that the lien claimant is removed from the status of a materialman in order for him to have a right. The court is not faced with the issue that his status may be such as to remove him from the required privity. And the privity, after all, is the prime consideration which determines the claimant as a lien holder. The intent of the statute is to provide the lien to creditors of the contractors and subcontractors. Jesse F. Heard & Sons v. Southwest Steel Products, supra, 124 So.2d at 215; J. Watts Kearney & Sons v. Perry, supra, 141 So. at 15. Therefore we hold that Coating Specialists, Inc., is entitled to a claim against the surety on the bond, Royal Indemnity Co., for “work done” for the construction of the Marrero housing project.
The next issue before the court is whether the judgment below was erroneously cast in holding Pat Caffey, Inc. and Royal Indemnity Co. liable in solido, where the contractor’s relationship to the plaintiff arose out of a conventional agreement *386 while the surety’s obligation is statutory. It strikes this court that such a contention is a matter of semantics rather than substance.
This is a solidary obligation; see Articles 2091 and 2092 of the Civil Code and Cline v. Crescent City R. Co., 1889, 41 La.Ann. 1031, 6 So. 851. Under Article 2092 of the Code, reference is made to this citation in the following manner:
“Obligations are in solido, on the part of the debtors, when they are all obliged to the same thing, although one of the debtors be obliged differently from the other to the payment of the same thing. Obligations in solido are either perfect or imperfect. They are said to be imperfect when obligors bind themselves to the same thing by different acts or at different times.”
In Rosenberg v. Derbes et al., 161 La. 1070, 109 So. 841 at page 843 the Court stated:
“It is necessary that the two judgments that were rendered for the one obligation should be converted into one judgment against the three defendants in solido in order to fix the obligation inter se.”
The proceedings on a public works claim are of course governed by the statute, and Section 2241 states that the surety is bound “with an additional obligation for the payment by the contractor or subcontractor for all work done” etc. There is no doubt that where suit is brought against the prime contractor, the claimant is not relegated to recovery against one before the other, but that the surety and the contractor are each primarily liable. And under the Public Works Act the subcontractor and the surety are in the same position as the contractor and the surety with regard to their liability to a lien claimant. Section 2247 provides specific authority for holding the surety primarily liable:
“2247 Construction of Part.
Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 * * *”.
The judgment below rendering the defendants liable in solido for the principal amount was correct.
We now direct our attention to the allowance of attorney’s fees by the Court below. The point is well taken that the required statutory notice was lacking as a prerequisite for awarding attorneys’ fees. Section 2246 of Title 38 states:
“2246 Attorney’s fees
After amicable demand for payment has been made on the principal and surety and thirty days has elapsed without payment being made, any claimant recovering the full amount of his recorded or sworn claim whether by concursus proceeding or separate suit, shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.”
There was no amicable demand made by plaintiff upon the principal, Jefferson Construction Company, before suit was filed against Pat Caffey Contractor, Inc., and Royal Indemnity Company.
 The statute for attorney’s fees is a penalty statute and literal compliance with its terms must be exacted before re *387 covery can be granted. Long Bell Lumber Co. v, S. D. Carr Const. Co., supra. See Hortman-Salmen Co., Inc. v. Continental Casualty Co., 170 La. 879, 129 So. 515 (1930). For that reason we hold that there must have been notice both to the surety and the principal 30 days before suit. The word “principal” adverts to principal on the bond under a reasonable understanding of that term and cannot be expanded to include whatever amicable demand, if any, may have been made on the subcontractor Pat Caffey Contractor, Inc. Similarly “amicable demand” cannot be liberally construed to include a letter dated June 3, 1964, from Pat Caffey Contractor, Inc. to Jefferson Construction Company in which the former requested that the latter forward to them a check in the amount of $4,260.00 to cover Coating Specialists, Inc.’s bill. This is not amicable demand as envisioned by the statute, where the notice was not sent by the claimant, or even shown to be at their instance. The case of Silver v. Harriss et al., 165 La. 94, 115 So. 380 is authority for the strict requirements of amicable demand under this statute.
The provisions of the statute not being complied with, we need go no further than to say that there can be no recovery for attorney’s fees against either of the defendants.
This brings us to the final point to be decided, i.e., whether the amount awarded was excessive. Defendants argue that an after-the-fact charge of $4,260.00 was too high and unreasonable at any rate, no matter what the precise agreement as to price was between Coating Specialists, Inc., and Pat Caffey Contractor, Inc. The defendants had argued in the trial court that there was no fixed price set, but that Pat Caffey Contractor, Inc. had relied on the plaintiff’s representations that a just price would be charged.
It requires no citation of authority that the trial court is to be upheld in its decision on questions of fact, unless there is manifest error. There is ample evidence in the record to support the finding that the plaintiff was entitled to the full amount of his claim.
The testimony of Mr. T. N. Gilbert, President of Coating Specialists, Inc., that he quoted a price per fitting before the jobs and a total price before the billing, is in conflict with that of Mr. Pat Caffey, president of plaintiff company, who claims that only a reasonable price was to be paid. But beyond this, an employee of Mr. Gilbert and Mr. Gilbert both testified that there was no complaint as to the amount forthcoming from Mr. Caffey when he was contacted for non-payment of his bill over the telephone after he had been billed. Also, it seems an unlikely business practice to order such a job without a price estimate, as Mr. Caffey contended was the case. Furthermore, there was no substantial showing made that the charge was unreasonable on behalf of the defendant, as no positive testimony but the defendant’s own was put in evidence. And Mr. Caffey called upon the Jefferson Housing Authority by letter dated June 3, 1964 to make payment for the bill, without complaint of its excessiveness. Even if this were done because Coating Specialists Inc.’s suit papers had been received by Caffey, the net effect of it is to undermine his contention.
We can find no reversible error in the Court’s conclusion that the amount claimed was due and owing.
The judgment of the Civil District Court is amended to disallow the award of attorney’s fees against Royal Indemnity Co. and Pat Caffey Contractor, Inc.; and is affirmed in all other respects. All costs to be borne by appellants.
Amended and affirmed.