**M. B. DUPREE, d/b/a Dupree Gravel Company, Appellant,**

v.

**GAUBERT INDUSTRIES, INC., et al., Appellees.**

No. 25818.

United States Court of Appeals
Fifth Circuit.

Nov. 12, 1968.

Henry W. Brethard, III, Bethard & Bethard, Coushatta, La., for appellant.

Fernando J. Freyre, Boris F. Navratil, Breazeale, Sachse & Wilson, Baton Rouge, La., for appellee.

Before DYER and SIMPSON, Circuit Judges, and CABOT, District Judge.

PER CURIAM:

This is an interlocutory appeal by plaintiff-appellant Dupree from an order cancelling a materialman's lien on proceeds due defendant-appellee Gaubert Industries, Inc., from a public works project. The Louisiana statute, LSA–R.S. 38:2241 et seq., provides lien rights to those who supply materials to contractors or subcontractors but not to those who supply materials to materialmen.

Dupree supplied sand and gravel to Gaubert for use in mixing concrete and delivering it in ready-mix concrete trucks to the job site pursuant to contract with Brown and Root, Inc., the prime contractor. The sole issue here is whether Gaubert was a subcontractor and Dupree thus entitled to a lien under the statute, or whether Gaubert was a materialman and his supplier, Dupree, consequently not so entitled to a lien.

**208**

J. Watts Kearney & Sons v. Perry, 174 La. 411, 141 So. 13 (1932).

■ Where a supplier has the responsibility and is under the obligation to join in incorporating into the construction the materials he supplies, he has thus assumed a part of the contractor's work and is a subcontractor. Jesse F. Heard & Sons v. Southwest Steel Products, 124 So.2d 211 (La.App.2d Cir. 1960). The lower court, after having heard the evidence, concluded that defendant Gaubert Industries, Inc., did not have this responsibility nor was it under this obligation. This finding is not clearly erroneous and accordingly the judgment of the district court is hereby

Affirmed.