JjBYRNES, Judge.
^Defendant Woodrow Wilson Construction Co., Inc. (Wilson), appeals only that portion *863 of a judgment awarding attorney’s fees to plaintiff Chabanais Construction Pumping, Inc. (Chabanais). We reverse.
On January 5,1990, Chabanais filed a petition to enforce a construction lien on a public works project. Named as defendants were Wilson, Travelers Indemnity Co. (Travelers), and Sterling Doucette Builders, Inc. (Dou-cette). According to the petition, Wilson entered a public works contract with the Audubon Park Commission to construct the Aquarium of the Americas in New Orleans. The contract was recorded in the mortgage records. Wilson was named as the general contractor (principal) on the project, Travelers as the surety, and Doucette as a subcontractor on the project. Chabanais’ petition alleged that Chabanais supplied $1,901.59 worth of labor and equipment to Doucette for use in the project. The petition further alleged that Chabanais had recorded its lien, and that Chabanais had not received payment despite amicable demand. Chabanais prayed for $1,901.59 on the hen, together with legal interest, costs, and sums expended for preservation of the hen. Attorney’s fees were not requested in Chabanais’ petition or other pleadings.
Wilson filed a peremptory exception of no right of action arguing that Chabanais was not entitled to a hen. The trial court denied Wilson’s exception. Wilson apphed to this Court for writs, which apphcation was denied.
Is At trial the only testimony pertinent to the issue of attorney’s fees was that of Charlie Chabanais, president of Chabanais, who stated that Chabanais had to hire an attorney in order to enforce its hen, and that Chabanais agreed to pay this attorney a fee of one-third of the amount of the invoice. Wilson did not object to, nor cross-examine Mr. Chabanais on his brief testimony as to attorney’s fees, and no other showing or testimony as to attorney’s fees was presented by either party.
In addition, Chabanais introduced an invoice and a job ticket showing that Chaba-nais supphed $1,901.59 in materials and labor to Doucette, and that Doucette refused to pay despite amicable demand.
The trial court awarded $1,901.59 as prayed for, plus $1,000 in attorney’s fees as well as costs and legal interest.
Wilson appealed only the trial court’s award of attorney’s fees. Wilson argues that the attorney’s fees were not warranted because Chabanais did not request attorney’s fees in its petition to enforce the lien, and did not show that it made amicable demand as required by statute. LSA-R.S. 38:2246. Alternatively, Wilson argues that if attorney’s fees were warranted, the fees awarded were excessive. Chabanais argued in its brief that the award of attorney’s fees was reasonable, and that additional fees should be awarded for defense of this appeal.
Recovery of attorney’s fees in suits to enforce liens on public works projects is governed by LSA-R.S. 38:2246 which at the time of the contract 14between the litigants and at the time suit was filed in 1990 provided as follows:[1]
After amicable demand for payment has been made on the principal and surety and thirty days have elapsed without payment being made, any claimant recovering the full amount of his recorded or sworn claim, whether by concursus proceeding or separate suit, shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered.
LSA-R.S. 38:2246 is penal in nature, and its provisions must be strictly construed. State, Military Department v. Laconco, Inc., 430 So.2d 1376, 1387 (La.App. 1st Cir.1983); Louisiana School Supply Co. v. Abraham, 209 So.2d 347, 349 (La.App. 4th Cir.1968), writ refused 252 La. 462, 211 So.2d 329 (La. 1968); Coating Specialists, Inc. v. Pat Caffey Contractor, Inc., 194 So.2d 380, 386-387 (La. App. 4th Cir.1967), writ refused 250 La. 633, 197 So.2d 652 (La.1967).
*864 LSA-R.S. 38:2246 established three things which a claimant must do before attorney’s fees can be recovered:
(1) Recover the full amount of his recorded or sworn claim; and
(2) make amicable demand on the principal and surety; and
3) show that thirty days have elapsed without payment being made subsequent to amicable demand.
|r>As these requirements were imposed on Chabanais, the burden of proving that those requirements were met is on Chabanais. The burden is not on the defendant to disprove any of these elements, nor is the burden on the defendant to urge them as affirmative defenses. If Chabanais failed to discharge his burden of proof on any of these three requirements during the course of the trial it is not entitled to recover, and any judgment of the trial court to the contrary will be reversed by this Court on appeal.
LSA-R.S. 38:2246 requires proof of amicable demand on the principal and surety more than thirty days prior to filing suit. Broussard, Bros., Inc. v. Louisiana Ins. Guar. Ass’n., 524 So.2d 842, 846 (La.App. 3rd Cir.1988), unit den. 522 So.2d 558 (La.1988); Coating Specialists, supra, 194 So.2d at 387. While Chabanais offered proof of amicable demand on Doucette, the subcontractor, no such proof was offered as to the principal, Wilson, nor as to the surety, Travelers.[2] Having failed to prove amicable demand on the principal and surety, Chabanais is not entitled to attorney’s fees under LSA-R.S. 38:2246.
Chabanais made no allegations claiming, nor did it pray for LSA-R.S. 38:2246 attorney’s fees in any of its pleadings. This raises two questions in this case:
(1) Did the failure of Wilson to object to Mr. Chabanais’ testimony regarding attorney’s fees effectively enlarge Chabanais’ pleadings to include a claim for attorney’s fees?
I ⅜(2) As LSA-R.S. 38:2246 mandates that the claimant meeting its requirements “... shall be allowed ten percent attorney’s fees which shall be taxed in the judgment on the amount recovered”, are such fees presumed by law under LSA-C.C.P. art. 862 to be included in claimant’s petition generally without the necessity of praying for them specifically?
As this Court has already determined that Chabanais failed to meet its burden of affirmatively proving compliance with the amicable demand requirements of LSA-R.S. 38:2246, we need not address these issues. Likewise, as this Court has determined that Chabanais has failed to show that it is entitled to any attorney’s fees, we need not determine whether the trial court has the discretion to award more than the ten percent attorney’s fees provided by LSA-R.S. 38:2246. For the same reason, Chabanais is not entitled to additional attorney’s fees for the defense of this appeal. This Court is precluded from considering Chabanais’ claim for attorney’s fees for this appeal for the additional reason that Chabanais failed to raise that issue by either independent appeal or answer to the appeal. Dull v. Gibbs, 577 So.2d 806 (La.App. 2 Cir.1991).
For the foregoing reasons, the judgment of the trial court is reversed.
REVERSED AND RENDERED.

. LSA-R.S. 38:2246 was amended by Acts 1991, No. 543, Sec. 1, by adding new paragraph (B) which provided for awarding attorney’s fees to the defendant where the claim was found to lack just cause or be in bad faith. Original LSA-R.S. 38:2246 was retained virtually unaltered as paragraph (A). Therefore, the 1991 amendment would make no change in the outcome of this case.

. In Coating Specialists, supra, this Court stated: "The word 'principal' adverts to principal on the bond under a reasonable understanding of that term and cannot be expanded to include whatever amicable demand, if any, may have been made on the subcontractor * * Id.., 194 So.2d at 387.