524 So.2d 858 (1988)
Vinell WILLIAMS, Plaintiff-Appellee,
v.
UNION TANK CAR CO., Through Its LITHCOTE COMPANY DIVISION, Defendant-Appellant.
No. 87-35.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
*859 G. Brent Coreil, Ville Platte, for plaintiff-appellee.
Sandoz, Sandoz & Schiff, Leslie J. Schiff, Ann Walker, Opelousas, for defendant-appellant.
Before GUIDRY and YELVERTON, JJ., and SWIFT, J. Pro Tem.[*]
YELVERTON, Judge.
Plaintiff, Vinell Williams, filed suit against his former employer, Union Tank Car Company, through its Lithcote Company Division (Lithcote) to recover worker's compensation benefits, penalties, and attorney's fees as a result of a work related accident on May 28, 1985. From a judgment finding plaintiff temporarily totally disabled under La. R.S. 23:1221 (1) and entitled to training and rehabilitation under R.S. 23:1226, and further awarding penalties and attorney's fees, the defendant has appealed. We affirm.
Lithcote raises two issues on appeal. The first is whether the trial court erred in finding the plaintiff temporarily totally disabled within the odd lot doctrine under La. R.S. 23:1221(1). The second is whether the trial court erred in finding Lithcote arbitrary and capricious in failing to provide medical care and weekly compensation, entitling plaintiff to penalties and attorney's fees.

DISABILITY
As this court stated in Valley v. American Insurance Co., 510 So.2d 449 (La.App. 3rd Cir.1987):
A trial court's factual findings concerning work related disability should not be disturbed on appeal unless the evidence does not furnish a reasonable basis for the findings or the findings are clearly wrong. Notto v. Morton-Norwich Products, Inc., 498 So.2d 1158 (La. App. 3rd Cir.1986). A finding by the trial court that pain prevents a claimant from working is a question of fact. Newell v. United States Fidelity & *860 Guaranty Company, 368 So.2d 1158 (La.App. 3rd Cir. 1979). Great weight is afforded a trial court's findings on the credibility of a claimant in a worker's compensation case. Dominick v. CNA Insurance Company, 497 So.2d 758 (La. App. 3rd Cir.1986), writ denied, 501 So.2d 231 (La.1987).
In the present case the trial judge wrote excellent reasons for judgment carefully explaining his findings of fact. His reasons for judgment are as follows:
"From the evidence, the court finds as a fact proven that plaintiff, Vinell Williams, was employed by defendant on May 28, 1985; that on that date he suffered an accident, during the course and scope of his employment; then attempted to return to work about August 10, 1985, at which time he worked for about one and one-half hours, being unable to continue due to his inability to perform the work assigned him because of the very severe and constant pain he experienced while attempting to do so. The work he was told to perform consisted of carrying one and a quarter inch pipes about twenty feet long a distance of about thirty feet, and heating the ends of it with a torch in order to flatten them with a big hammer.
"A great deal of the information regarding plaintiff's employment, salary, and other pertinent information, was obtained from the testimony of Peggy Lastrapes, clerk at Lithcote, who was in charge of the company records of the defendant. The Court understood that the last check plaintiff received was dated August 13, 1985.
"Plaintiff testified that he is a married man 32 years old and has two children, a girl ten years old, and a boy five years old. He is a high school graduate, and attended a trade school at Vidrine while in high school, studying welding and auto mechanics. He also attended the Ville Platte Vo-Tech school for a very short period of time, about one week. A few years ago he did some mechanic work at Pitre Ford Company. He was employed at Lithcote for about 8 years at the time of the accident. His work record consists almost entirely of heavy manual labor. He suffered one or two minor accidents during his employment at Lithcote, but returned to work after only a few days off, and the court understands that he made no claims or filed any suit against his employer.
"On the day of the accident he was inside a tank car and had an air machine belt around his waist, and was operating a big air powered grinder machine. A transformer very near to the tank car blew up and caused a loud noise, and much electrical activity inside and around the tank car. Plaintiff climbed out of the car, and as he says `panicked', and jumped from atop the car onto the concrete nearby and injured himself. Workers all about him were scurring (sic) away from the frightening electrical phenomenon, trying to get out of harms way, not really understanding at the time what had happened.
"Plaintiff complained of having been injured to a supervisor who told plaintiff to go to the front office. He went there and was given a cold drink, and told to rest a while. He remained there about forty-five minutes to an hour. Although it appears that plaintiff was not categorically denied medical attention, he was certainly discouraged to say the least, from going to the doctor to see about the injuries he claimed to have suffered from the accident, a rather unusual attitude for the employer to take toward an employee who exhibited symptoms of having been just injured in an unusual accident. R.S. 23:1122.
"After a while, he went home, but two days later [he was] still suffering severe pain. He complained to his employer, and on May 30, 1985, plaintiff was sent by defendant to their physician, Dr. Barney Fusilier, who examined and treated plaintiff, and whose diagnosis was an acute lumbo-sacral strain.
"Later, Dr. Fusilier became ill and could no longer treat plaintiff. Dr. Fusilier testified that he saw about 70% of all employees of defendant when they required medical attention as a result of *861 injuries received on the job so he was, in effect, the defendant's company doctor. Dr. Fusilier treated plaintiff but for a very short time, and therefore, in the Court's opinion could not adequately evaluate his long-term condition, and consequently his opinion is of limited probative value.
"As Dr. Fusilier was no longer able to attend to plaintiff he decided to consult another physician. This physician was Dr. A. John Tassin of Ville Platte, La. Dr. Tassin examined and treated plaintiff, and indeed continues to do so.
"Dr. Tassin, being of the opinion that plaintiff needed an orthopaedic examination referred him to Dr. Frank Anders, an orthopaedic surgeon, who examined and treated him, and recommended among other things, a lumbosacral corset, which plaintiff wore.
"The whole tenor of Dr. Ander's (sic) deposition is that plaintiff is suffering from a serious injury which may or may not improve, and which precludes him from engaging in heavy manual labor at this time, but is able to engage in light work.
"Dr. Tassin requested that plaintiff undergo a C T Scan. The scan showed protusion (sic) of the disc at L-4 and L-5 level, a sign of a possibly very serious condition with grave consequences. According to Dr. Tassin's deposition he is still disabled, and under his medical care and treatment. Pages 25 and 32 of Dr. Tassin's deposition.
"Defendants then had plaintiff examined by Dr. William Louis Meuleman, an orthopaedic surgeon of Lafayette, Louisiana. His report is in evidence. While the report recites a fair history, and his examination seems quite adequate, his opinion appears to the court to be somewhat ambigous (sic) and inconclusive. Because of this, the court does not give too much weight to his conclusions.
"Plaintiff's wife also testified that he complains a lot of pain. He can no longer perform chores around the house, such as cutting grass, etc., and uses a cane most of the time. He drives very little, and usually for short distances, although he has driven to Lafayette, La.
"Plaintiff attempted, on the advice of his physicians, to return to light duty work. He was given regular duties as Lithcote has no provision for light duty work for its injured employees. John H. Lavergne, production superintendent at Lithcote, and Carroll Fontenot, a supervisor there, so testified. He worked about one and one-half hours and had to quit due to excessive pain. He never returned to work, and according to him, he is unable to do so now, or in the foreseeable future, as he continues to suffer severe back pain and numbness in both legs.
"A thorough and systematic review and evaluation of the medical testimony in this case convinces the court that Dr. Fusilier, due to circumstances beyond his control, was not able to form a full and factual opinion of the plaintiff's condition, and to provide a comprehensive prognosis.
"Dr. Meuleman's report has already been commented upon by the court. Dr. Razza's report is more complete than Dr. Meuleman's, and therefore, the court gives greater weight to it. The depositions of Dr. Anders and Dr. Tassin are to the effect that plaintiff cannot engage in heavy physical labor at the present time, but possibly could do light duty. Their prognoses, however, are guarded.
"During all this time, Lithcote knew that plaintiff was still suffering from his injuries. They had medical reports which so indicated, and yet refused to pay for his medical expenses, and stopped his compensation payments.
"There are two issues for determination by the court:
1. Disability; and
2. Penalties and attorney fees.
"The court has carefully reviewed all the evidence in this case and the law and jurisprudence governing, and finds as a fact proven that plaintiff is temporarily totally disabled, and falls within the `odd lot' doctrine under Section 1221 (1) of the 1983 worker's compensation act; and is entitled to supplemental earnings benefits under Section 1221 (3) of the act *862 should he secure any employment; and further, plaintiff is entitled to training and rehabilitation under Section 1226 of said act. The court further finds that plaintiff has proven his case as required by law.
"The court is of the opinion that plaintiff can, with proper medical treatment and rehabilitation, re-enter the labor pool and become once again a self-supporting and productive member of society. This is, after all, one of the purposes of the Louisiana Worker's Compensation Law as the court interprets it.
"For the foregoing reasons the court finds that plaintiff is entitled to recover from defendant weekly compensation benefits of $248.00 from May 28, 1985, to date, (credit to be given for sums previously paid) and to continue receiving this amount until a further determination by this court, with compensation payments brought up to date, and with interest on all past due payments; and further, plaintiff is entitled to recover all medical and other recoverable expenses incurred in connection with the injury suffered which have not been paid, reserving to plaintiff to receive and recover those future medical and other necessary expenses resulting from the injuries he received in the accident. Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267 (La.App. 3rd Cir.1986)."
After a careful review of the record we find that we agree with the trial court. Plaintiff proved by a preponderance of the evidence that he suffered from a disability which continued through the trial, and that his condition will most likely improve within a foreseeable time. Accordingly, we cannot say that the trial court was clearly wrong in its finding of temporary total disability. Cf. Thomas v. Elder Pallet & Lumber Sales, Inc., 493 So.2d 1267 (La. App. 3rd Cir.1986), writ denied 497 So.2d 312 (La.1986).
Lithcote emphasizes in its brief that plaintiff should not have been found temporarily totally disabled because his doctors testified that he could perform light duty work, and that plaintiff was offered light duty work but he refused it. However, the evidence reveals that plaintiff attempted to perform the "light" duties assigned to him and he had to leave due to severe pain. The evidence also reveals that the plaintiff had worked mostly at heavy manual labor and that his lack of education and training, and his disability made it unlikely that he could secure suitable employment. Accordingly, the trial court did not err in applying the odd lot doctrine, in finding plaintiff classified as an odd lot claimant, and in ordering rehabilitation. See Thomas v. Elder Pallet & Lumber Sales, Inc., supra.
The trial court also awarded the plaintiff attorney's fees in the amount of $5,000 and penalties. Lithcote argues this award was in error. We disagree.
The trial court's determination that an award of penalties and attorney's fees is warranted is based on a finding of fact and his decision should not be disturbed unless it is clearly wrong. Valley v. American Insurance Co., supra.
The defendant herein was fully aware of the medical reports which reflected that plaintiff had suffered an injury to his back which severely restricted his activities. The reports suggested that plaintiff could return to light duty, however he was not supposed to bend, stoop, lift objects weighing more than 25 pounds, or stay in one spot for longer than 30 minutes. Lithcote ordered the plaintiff to return to "light duty" work which, the trial court found and the record supports, was not light duty work at all, but required lifting heavy objects as well as bending and stooping. The plaintiff had to leave after an hour and a half due to severe pain. The defendant promptly terminated plaintiff's workmen's compensation benefits on that very date. Under these facts the record fully supports the trial court's finding of defendant's arbitrary and capricious termination of benefits.
For these reasons the judgment of the lower court is affirmed at defendant's costs.
AFFIRMED.
NOTES
[*] Judge G. William Swift, Jr., Retired, Judge Pro Tempore.