YELVERTON, Judge.
Four lessors of movable rental equipment filed these consolidated actions against the Louisiana Insurance Guaranty Association (LIGA) pursuant to La.R.S. 22:1375-94 when the original surety for the contractor filed for bankruptcy and was declared insolvent. From judgments in favor of the plaintiff-lessors against LIGA in the amount of their various claims, the defendant appeals. Each plaintiff-lessor appealed the failure to award attorney fees. We affirm. Separate judgments, based on the same reasons herein explained in the captioned appeal, are this date being handed down in N.R. Broussard Landing, Inc. v. Louisiana Insurance Guaranty Association, 524 So.2d 857 (La.App. 3rd Cir.1988); Vermilion Rent-al, Inc. v. Louisiana Insurance Guaranty Association, 524 So.2d 858 (La.App. 3rd Cir.1988); and Broussard Barges, Inc. v. Louisiana Insurance Guaranty Association, 524 So.2d 858 (La.App. 3rd Cir.1988).
The issues raised on appeal are 1) whether the trial court erred in finding that the claim for rental of the equipment was covered by the original surety bond and 2) if so, whether the 1985 amendment to La.R.S. 38:2241 limiting the surety’s obligations under the Public Works Act should be given retroactive effect? The plaintiff has answered the appeal contending the trial judge erred in failing to award attorney’s fees.
The trial court wrote excellent reasons for judgment carefully explaining the stipulated facts, the issues, and his conclusions. After reviewing the record and the jurisprudence we adopt the trial judge’s reasons as our own, as follows:
“The parties in the various suits submitted the cases for a decision to the Court based upon post-trial memoranda, the record filed in each case and the following stipulation of facts, to-wit:
“1. The State of Louisiana entered into a public works contract with Sealand Contractors, Inc., a Louisiana corporation as principal and general contractor, which contract was dated October 23, 1984 and recorded on October 26, 1984 under Entry No. 8412173 of the records of Vermilion Parish, Louisiana. The contract bore Project No. 16-01-0082-12 and a certified copy of the Contract and Bond is deemed to be authentic and admitted for evidentiary purposes by all parties.
“2. The contract provided for a performance in payment bond which document reflects that Eastern Indemnity Company of Maryland was the surety and personally *844 executed the Contract and Bond previously identified herein. The surety, Eastern Indemnity Company, agreed to obligate itself for the entire bid price of $887,500.00.
“3. The general contractor, Sealand Contractors, Inc., a Louisiana corporation, filed Chapter 11 bankruptcy proceedings on June 4, 1985, and subsequently filed Chapter 7 liquidation proceedings on October 4, 1985.
“4. Eastern Indemnity Company of Maryland, is a foreign insurer, who filed and obtained an Order of Liquidation on January 28, 1985; that said Order of Liquidation conforms to the statutory provisions for covered claims under Louisiana Revised Statute 22:1379 in that the said Eastern Indemnity Company of Maryland is an insolvent insurer under the provisions of Revised Statute 22:1379(4).
“5. That the amounts of the claims submitted by the plaintiffs represent charges for rental to the contractor and said amounts are stipulated to be as follows:
“BROUSSARD BROTHERS, INC.— $20.653.41
“N.R. BROUSSARD LANDING, INC.— $4,324.84
“BROUSSARD BARGES, INC. — $2,416.80
“VERMILION RENT-AL, INC. — $256.80
“These amounts represent rental charges for movable equipment utilized by the general contractor in the performance of the construction project.
“6. It is additionally stipulated that the amounts charged are fair and truly represent rental incurred by the general contractor for the use of such equipment on the job.
“7. It is further stipulated that the plaintiffs herein failed to provide written notice in conformance with the provisions of Revised Statute 38:2242(C)(1) to the State of Louisiana.
“8. The plaintiffs herein filed several materialmen and laborers liens relative to the claims stated herein as follows:
“BROUSSARD BROTHERS, INC. — Liens filed March 29,1985 and amended lien filed April 4, 1985, under Entry Nos. 8504113 and 8504283, records of Vermilion Parish, Louisiana.
“N.R. BROUSSARD LANDINGS, INC.— Liens filed March 29, 1985 and amended lien filed on April 4, 1985, under Entry Nos. 8504114 and 8504282, records of Vermilion Parish, Louisiana.
“BROUSSARD BARGES, INC. — Lien filed June 26, 1985, under Entry No. 8508114, records of Vermilion Parish, Louisiana.
“VERMILION RENT-AL, INC. — Lien filed July 18, 1985, under Entry No. 8509192, records of Vermilion Parish, Louisiana.
“These cases arise out of several separate claims filed by the above entitled plaintiffs for rental charges on movable equipment which were provided to Sealand Contractors, Inc., a Louisiana corporation doing business in the Parish of Vermilion. The equipment was utilized during the construction of a control structure and earthen levee at the Rockefeller Wildlife Refuge in Vermilion Parish. Sealand Contractors, Inc. was the general contractor on the job pursuant to a contract which it received from the State of Louisiana, the owner, to perform the job in the late fall of 1984. However, during the construction of the project, Sealand experienced financial difficulties and eventually filed bankruptcy proceedings on June 4, 1985, subsequently filing liquidation proceedings on October 4, 1985. The project was terminated by the State; and the plaintiffs filed several liens relating to their accounts receivables which remain unpaid.
“The parties to this suit include the plaintiffs and defendants, the State of Louisiana, Division of Administration Facility Planning and Control, as owner, and the Louisiana Insurance Guaranty Association pursuant to Revised Statute 22:1375, et seq. The Louisiana Insurance Guaranty Association, hereinafter referred to by its initials “LIGA” was named a defendant, since the bonding company or surety company, Eastern Indemnity Company of Maryland, obtained an Order of Liquidation date January 28, 1985. Eastern Indemnity Company of Maryland was the bonding company or surety which appeared on the *845 contract pursuant to the terms of the Performance and Payment Bond as required by state law. The Contract and Bond is filed for record in the Parish of Vermilion as Entry No. 412173.
“The issue in this case is whether or not plaintiffs are entitled to judgment against the Louisiana Insurance Guaranty Association (LIGA) for their claims since their claims against the State of Louisiana for their rental charges are not valid because they failed to provide written notice in conformance with the provisions of L.S.A.R.S. 38:2242(C)(1).
“The Court holds that plaintiffs are entitled to judgment as prayed for.
“The recent decision of our Supreme Court in the case of Valliant v. State of Louisiana, 437 So.2d 845 (La.1983) is identical to the factual situation presented to the Court. The Supreme Court discussed the history and purpose of the Public Works Contract Law (R.S. 38:2241 and 2242) and concluded that it was permissible for the surety to provide additional coverage to a contractor beyond that which is required by the Public Works Act. It specifically rejected the surety company’s argument that a lessor of equipment is not a furnisher of equipment as provided in the contract and went on to interpret the provisions of the contract and held the surety company liable to the plaintiffs who were lessors of movable equipment.
“The bond in the contract which has been stipulated in this case contains the exact conditions under which the surety agreed to accept upon execution of the bond and provides as follows:
‘The condition of this performance and payment bond shall be that should the contractor herein not perform the contract in accordance with the terms and conditions hereof, or should said contractor not fully indemnify and save harmless the Owner, from all cost and damages which he may suffer by said Contractor’s non-performance or should said Contractor not pay all persons who have and fulfill obligations to perform labor and/or furnish materials in the prosecution of the work provided for herein, including by way of example workmen, laborers, mechanics, and furnishers of materials, machinery, equipment and fixtures, then said Surety agrees and is bound to so perform the contract and make said payment(s).’
“As was the situation in Valliant supra, in our case, the surety undertook for an agreed consideration the accessory obligation of assuring the contractor’s performance of its obligation to pay workers and furnishers of equipment so it is liable for such amounts. Therefore, under the prior jurisprudence, the claims of plaintiff are valid.
“Defendants argue that the statute interpreted by the Supreme Court in the Valli-ant decision has been amended to exclude coverage of the bonding companies in excess of Public Works provisions. This argument is not tenable because the statutory amendment to the Revised Statute 38:2241 occurred in the 1985 Legislative Session by Act 244 and the same did not become effective until sixty (60) days from that date. However, the charges for the rental in this case by the various plaintiffs were incurred prior to the amendment. Therefore, unless the amendment has retroactive effect, then defendant’s contention is not valid. Our general rule of statutory construction is that a law can prescribe only for the future; it can have no retrospective operation. C.C. Art. 8. This general rule excepts those instances where the statute specifically provides for retroactive application or where the statute does not affect a substantive right, but is only procedural or remedial. Young v. Staman, 200 So. 187 (La.App. 2d Cir.1940); American Finance Corporation of Coushatta, Inc. v. Small, 250 So.2d 768 (La.App. 2d Cir.1971). A reading of L.S.A.-R.S. 38:2241 reveals its substantive nature in that it sets forth the requirements for a written contract and bond. Even if the statute could be given a procedural or remedial interpretation, since it makes a change in the substantive law, it must be construed to operate prospectively only. Manuel v. Carolina Casualty Insurance Company, 136 So.2d 275 (La.App. 3d Cir. *846 1961). Therefore, the Court will not give the amended statute retroactive application.
“Defendants also contend that the fact that plaintiffs have not complied with the provisions of the Public Works Act in order to obtain a lien that their claim should be excluded against LIGA. This argument is without merit. The Act merely provides a security device to insure the payment of amounts due claimants. It does not extinguish the right to payment. Therefore, judgment is rendered in favor of each plaintiff and against each defendant in the principal sums sued for and stipulated hereinabove.
“Plaintiffs also contend they they are entitled to attorney fees as provided by Louisiana Revised Statute 38:2246. These claims are denied because plaintiffs have failed to strictly comply with the provisions of that statute by proving that amicable demand for payment had been made on the principal and surety at least thirty (30) days before suit was filed and failing to file valid liens.”
The judgment of the lower court is affirmed at defendant’s cost.
AFFIRMED.