YELVERTON, Judge.
Jesse Johnson filed suit against the State of Louisiana, through the Louisiana Department of Agriculture and its agency, the Livestock Sanitary Board, as well as four individuals, to enjoin the inspection of plaintiff’s cattle pursuant to La.R.S. 3:2221 et seq., and to have R.S. 3:2221, 3:2223 and 3:2093 declared unconstitutional. The defendants filed numerous exceptions including exceptions of improper venue. From the granting of defendants’ exceptions of improper venue, the plaintiff has appealed.
This litigation resulted when on September 8, 1986, the Louisiana Department of Agriculture notified the plaintiff by letter that the Louisiana Sanitary Board had decided to test his herd for brucellosis, pursuant to the Board’s authority under R.S. 3:2221. The letter notified the plaintiff of the location and date of inspection, and informed him that failure to present the cattle for testing could result in a fine of $1,000 per day pursuant to R.S. 3:2093. The plaintiff then filed this suit to enjoin the defendant from testing the cattle, and *858 to declare R.S. 3:2221-2223 unconstitutional. In an amending and supplemental petition plaintiff named State employees Louis Engler, Ricky Soileau, Dallas Pitre, and Curtis Brown as defendants asking that they, along with the State, be enjoined from testing or inspecting the cattle. The defendants filed a number of exceptions, including improper venue, lack of jurisdiction, prematurity, and vagueness. The trial court granted the defendants’ exceptions of improper venue and dismissed the plaintiff’s suit.
The plaintiff appealed contending that the trial court erred in granting the defendants’ exceptions of improper venue. We affirm the granting of the exception of improper venue as to the Livestock Sanitary Board; additionally, we amend the judgment by recognizing, on our own motion, the exception of lack of an indispensable party as to the remaining, individual defendants, and we dismiss the suit for that additional reason.
La.R.S. 3:2092.1 provides with reference to the Livestock Sanitary Board:
§ 2092.1. Domicile; hearings; appeals
A. The board shall be domiciled in the city of Baton Rouge, and no suit may be filed against the board at any place other than the parish of East Baton Rouge. In suits against the board, all service shall be made on the director or on any board employee located at the board’s office.
In the present case the plaintiff filed suit against the Livestock Sanitary Board in Evangeline Parish, not East Baton Rouge Parish. Therefore, the judgment sustaining the Board’s exception of improper venue is correct.
As to the remaining, individual defendants, the pleadings seek to enjoin the defendants from carrying out the directions of the Board, and to declare the statutes granting the authority of the Board unconstitutional. The Board is an indispensable party to such a proceeding, since its interest in the subject matter would be so interrelated, and would be so directly affected by any judgment, that a complete and equitable adjudication of the controversy cannot be made unless it is joined as a party in the proceeding. La.C. C.P. Art. 641. The absence of an indispensable party can be noticed by the court on its own motion. La.C.C.P. Art. 645. In the present case the Board cannot be joined as a party defendant due to improper venue, and thus the absence of an indispensable party cannot be cured by an amendment pursuant to La.C.C.P. Art. 646.
When the ground of a peremptory exception cannot be removed by amendment of the petition, the cause of action must be dismissed. La.C.C.P. Art. 934 and Mire v. Hawkins, 177 So.2d 795 (La.App. 3rd Cir.) writ granted 248 La. 367, 178 So.2d 657 (1965), affirmed 249 La. 278, 186 So.2d 591 (1966). No adjudication of a cause of action can be made unless all indispensable parties are joined, therefore the suit as to the remaining defendants must also be dismissed. Id.
On this appeal the defendants have also raised the exception of res judicata. In view of our disposition of the appeal we need not consider this exception. For the above reasons the judgment of the district court sustaining the Livestock Sanitary Board’s exception of improper venue is affirmed and the judgment is amended to dismiss the suit as to the other defendants for the failure to join an indispensable party. The costs of this appeal are to be paid by plaintiff, Jesse Johnson.
AMENDED, AND AS AMENDED, AFFIRMED.