Dear Rep. Accardo:
Your request for an Attorney General Opinion concerning La. C.Cr.P. art. 894.3 has been forwarded to me for research and reply. You asked the following question:
 Does La. C.Cr.P. art. 894.3 apply to a defendant who committed and pled guilty to a sexual offense covered by the statute prior to the statute's effective date if the defendant will be sentenced after its effective date?
La. C.Cr.P. art. 894.3 became effective August 21, 1992. This statute states:
 A. Before sentencing a defendant who has been convicted of a violation of any provision of Subpart C of Part II, Subpart B of Part IV, or Subpart A(1) or A(4) of Part V of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, if the victim was under eighteen years of age at the time of the offense, the office of the district attorney shall notify the clerk of court of the name and address of the victim, and the clerk of court shall give written notice of the date and time of sentencing at least three days prior to the hearing, when the sentencing is not immediately following the finding of guilt, to the victim or the victim's parent or guardian, unless the victim, parent or guardian has advised the office of the district attorney in writing that such notification is not desired.
 B. The victim or the victim's parent or guardian who desires to do so shall be given a reasonable opportunity to attend the hearing and to be heard.
La. C.C. art. 6, which is titled, "Retroactivity of laws," states:
 In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively unless there is a legislative expression to the contrary.
As explained in Petroleum Heliocopters, Inc. v. Avco Corp., 513 So.2d 1188 (La. 1987), "[t]he general principle of retroactivity is that laws affecting substantive rights generally do not operate retroactively, while laws that relate to procedure operate retroactively in the absence of clear legislative intent to the contrary."
In applying La. C.C. art. 6, the Court in Cole v. Celotex Corp., 599 So.2d 1058 (La. 1992), instructs:
 LSA-C.C. Art. 6 requires that we engage in a two-fold inquiry. First, we must ascertain whether in the enactment the legislature expressed its intent regarding retroactive or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive.
The general rule on nonretroactivity "excepts those instances where the statute specifically provides for retroactive application or where the statute does not affect a substantive right, but is only procedural or remedial." Broussard v. La. Ins. Guaranty Association, 524 So.2d 842
(La.App. 3d Cir. 1988).
Additionally, Art. I, § 23 of the La. Constitution (1974) states: "[n]o bill of attainder or ex post facto law, or law impairing the obligation of contracts shall be enacted."
As explained in State v. Carter, 362 So.2d 510, 513-514
(La. 1978), in citing Calder v. Bull, 3 U.S. (3 Dall), 386,1 L.Ed. 648 (1798), "[t]he ex post facto prohibition comes into effect only when a law creates or aggravates a criminal offense, increases the punishment therefor, or changes the rules of evidence for the purposes of conviction." The Carter Court found that a procedural change in a mode of trial did not violate the ex post facto prohibition, stating "[a] procedural change which does not affect . . . substantive rights . . . is applicable after the effective date of the change even though the particular offense was committed prior to that date."
The legislature did not express any intent regarding retroactive or prospective application of La. C.Cr.P. art. 894.3. This article is a procedural article in that it requires notice of sentencing to certain victims of certain criminal offenses. Therefore, it does not violate the ex post facto prohibition of Art. I, § 23 since it is neither punitive nor a rule of evidence relevant to the conviction. Thus, pursuant to La. C.C. art. 6 and La. Const. art. I, § 23 La. C.Cr.P. art. 894.3 is a procedural statute, and therefore applies both prospectively and retroactively.
Therefore, it is the opinion of this office that La. C.Cr.P. art. 894.3 does apply to a defendant who committed and pled guilty to a sexual offense covered by the statute prior to the date the statute became effective but who will be sentenced after its effective date of August 21, 1992.
I hope the foregoing has adequately answered your question. If we can be of any further assistance, please do not hesitate to contact our office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: KATHLEEN E. PETERSEN Assistant Attorney General
KEP/sff #93-350